IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RONALD PRIBLE, JR., <br> Petitioner, <br><br> v. <br><br> RICK THALER, Director, <br> Texas Department of Criminal Justice, <br> Correctional Institutions Division, <br> Respondent. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | H-09-CV-1896 |

## ORDER

Ronald Prible Jr. filed a federal habeas petition for a writ of habeas corpus raising several claims, some of which he has not presented to the state courts. Federal law generally limits habeas relief to claims advanced in state court. *See* 28 U.S.C. § 2254(b)(1). Prible concedes that he has not exhausted state court remedies with respect to some claims. Federal precedent has generally favored the dismissal of "mixed petitions" – those raising both exhausted and unexhausted claims – to allow state court review. *See Rose v. Lundy*, 455 U.S. 509, 510 (1982). Prible, however, fears that the Anti-Terrorism and Effective Death Penalty Act's stringent limitations period would bar any future federal review should this Court dismiss his entire petition. Prible asks this Court to hold his federal proceedings in abeyance while he litigates a successive state habeas action. (Docket Entry No. 7 at 4; No. 17 at 21). Prible has alternatively requested that this Court allow discovery and an evidentiary hearing to develop the facts supporting his unexhausted claims. (Docket Entry Nos. 18, 19).

The Supreme Court has addressed the situation before this Court – how federal

procedure should handle a habeas petition containing both exhausted and unexhausted claims. The Supreme Court in *Rhines v. Weber*, 544 U.S. 269, 275 (2005), recognized that, because of the confluence of the AEDPA's limitations period and its strict exhaustion requirement, "petitioners who come to federal court with 'mixed' petitions run the risk of forever losing their opportunity for any federal review of their unexhausted claims." To that end, *Rhines* authorized a limited stay and abeyance practice that both allows for the state court litigation of unexhausted claims and preserves the AEDPA's concerns for finality and expediency. *See id.* at 278. Under *Rhines*, stay and abeyance becomes appropriate when the petitioner shows: (1) good cause for failing to exhaust the claim; (2) that the claim is not plainly meritless; and (3) that he has not intentionally delayed advancing his claim. *See id.* at 277.

While Respondent vigorously objects to any factual development of Prible's unexhausted claims (Docket Entry Nos. 20, 21), he does not address the *Rhines* factors. The Court finds that Prible has shown good cause, that his claims are not plainly meritless, and that he has not intentionally delayed advancing his unexhausted claims. Because Prible has met the *Rhines* factors, the only remaining question is whether Texas will allow a successive habeas action to proceed. *See Haynes v. Quarterman*, 526 F.3d 189, 197 (5th Cir. 2008) (considering both whether an inmate meets the *Rhines* factors and whether "the Texas Court of Criminal Appeals would allow him to file a successive application for post-conviction relief even if the district judge granted a stay and abeyance").

Texas law enforces a strict abuse-of-the-writ doctrine, codified in article 11.071§ 5 of the Texas Code of Criminal Procedure. Texas authorizes successive habeas proceedings only if an inmate relies on new law, presents new facts, or makes a persuasive showing of actual innocence. *See* TEX. CODE CRIM. PRO. art 11.071 § 5(a). Respondent briefly states that Prible cannot exhaust his claims in state court because "[w]ere he to do so now, the Court of Criminal Appeals would dismiss the application as abusive" or would "find the claim defaulted." (Docket Entry No. 12 at 47, 53, 68, 71). Prible secured the affidavits supporting his unexhausted claims after state habeas review concluded, raising the possibility that "the factual or legal basis for the claim was unavailable" to him previously. TEX. CODE CRIM. PRO. art 11.071 § 5(a)(1). The Texas courts should consider in the first instance whether Prible's unexhausted claims can proceed in a successive state habeas action. *See Wilder v. Cockrell*, 274 F.3d 255, 262-63 (5th Cir. 2001) ("[B]ecause it is not entirely clear that Texas' subsequent-application bar would prohibit consideration of [the petitioner's] claim, Texas courts should make that determination."). While the Texas Court of Criminal Appeals may find that Prible cannot meet the standard for filing a successive habeas action, "the State should be allowed to make the procedural bar, *vel non*, determination." *Id.* at 262.

Accordingly, the Court **DENIES WITHOUT PREJUDICE** the pending motions in this case. The Court **STAYS** and **ADMINISTRATIVELY CLOSES** this case to allow state court review. Prible will expeditiously seek state court relief and move to reopen these proceedings, if necessary, soon after the conclusion of the successive state court proceedings.

SIGNED at Houston, Texas, on this 30th day of April, 2010.

　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　KEITH P. ELLISON
　　　　　　　　　　　　　　　　United States District Judge