# EXHIBIT "D"



# CHARLES A. ROSENTHAL, JR.
### DISTRICT ATTORNEY
### HARRIS COUNTY, TEXAS

May 1, 2002

Mr. Todd Clemons
Assistant United States Attorney
United States Attorney's Office
800 Lafayette Street
Ste. 2200
Lafayette, LA 70501

Dear Mr. Clemons:

The purpose of this letter is to advise you of the cooperation of Jesse Moreno in the case styled State of Texas vs. Hermilio Herrero, Jr. for the offense of Murder, Cause No. 903122, which was prosecuted by me in the 179th District Court of Harris County.
The trial against Herrero concluded on April 30, 2002 with Herrero being found guilty by a jury of Murder and Judge Mike Wilkinson sentencing him to a Life sentence and a $10,000 fine, which is the maximum.
Let me start from the beginning briefly. This case was a cold case; one of many pending with the Harris County Sheriff's Department Cold Case Squad. It involved the killing of Albert Guajardo in a drug dispute that occurred in 1995. The defendant sliced the complainant's throat and then beat him viciously in the head with a hammer before rolling him up in a rug and throwing his body on the side of the road. When no leads developed in 1995, the case became inactive. The evidence in the trial consisted of admissions made by Herrero to Moreno and others he was imprisoned with about committing this murder.
In the summer of 2001, Jesse Moreno contacted me and asked me to come see him and he would tell me details that would clear a murder. I did so by visiting him in July 2001. From the first discussion I had with Moreno, I felt that he was being truthful and his testimony alone would be enough to file charges on Herrero and prosecute him. Charges were filed against Herrero soon after that visit. You should know that Moreno contacted me in regards to this case because he had been a previous witness for me in another murder case that I tried in 1997 against a defendant named Jason Morales. Morales also received a life sentence, largely because of the testimony provided to that jury by Moreno.
Eventually, Herrero learned that Moreno had informed us on him and made a threat against Moreno's life while they were still imprisoned at Beaumont FCI Medium.
Those threats have escalated and currently, Moreno is incarcerated at the Harris County Jail in the administrative segregation section to best keep him safe from the reach of Herrero. Moreno told me initially of the possibility of other witnesses to admissions made by Herrero about his committing this murder in 1995. Moreno and the other three witnesses have all been cooperative. It was however, Moreno whom I presented to the jury as being the "crux" of the case and it was almost entirely because of his testimony that the jury found Herrero guilty of Murder.

I wish to make known to you the fact that not only was Moreno always cooperative and in my opinion, truthful, but more importantly, the fact that this murder would have remained unsolved. It was his coming forward in the first place with this information that lead to the successful conviction of a murderer. I believe that he should receive a downward departure reflecting his very substantial assistance in the prosecution of this case. I have advised Moreno that I would write this letter to you making this recommendation and I have also advised him that it will be your decision whether to file the Motion and that even if the Motion is filed, it will be up to the Judge to determine an appropriate sentence.

If I can be of any further assistance, please feel free to call me.

Sincerely,


Kelly Siegler
Assistant District Attorney
Special Crimes, Major Offenders
Harris County, Texas
713-755-6178



# CHARLES A. ROSENTHAL, JR.
DISTRICT ATTORNEY
HARRIS COUNTY, TEXAS

May 1, 2002

Mr. Sam Lewis
Assistant United States Attorney
United States Attorney's Office
910 Travis
Ste. 1500
P.O. Box 61129
Houston, TX 77208

Dear Mr. Lewis:

  The purpose of this letter is to advise you of the cooperation of Rafael Dominguez in the case styled State of Texas vs. Hermilio Herrero, Jr. for the offense of Murder, Cause No. 903122, which was prosecuted by me in the 179th District Court of Harris County. The trial against Herrero concluded on April 30, 2002 with Herrero being found guilty by a jury of Murder and Judge Mike Wilkinson sentencing him to a Life sentence and a $10,000 fine, which is the maximum.

  Let me start from the beginning briefly. This case was a cold case; one of many pending with the Harris County Sheriff's Department Cold Case Squad. It involved the killing of Albert Guajardo in a drug dispute that occurred in 1995. The defendant sliced the complainant's throat and then beat him viciously in the head with a hammer before rolling him up in a rug and throwing his body on the side of the road. When no leads developed in 1995, the case became inactive. The evidence in the trial consisted of admissions made by Herrero about committing the murder to Dominguez and others while he was imprisoned at Beaumont FCI Middle.

  From my first contact with Dominguez when I interviewed him regarding his knowledge of the facts of this case, I found him to be cooperative, forthcoming and truthful. The evidence presented to the jury consisted solely of testimony from Dominguez and one other inmate, Jesse Moreno, as to the admissions made to them by Herrero. Based on that evidence alone, the jury convicted Herrero.

You should also be aware of the fact that when the defendant first suspected that Dominguez was involved in cooperating with us, Herrero made threats against Dominguez' life. Those threats escalated to the point where it was necessary to put Dominguez in administrative segregation while he was imprisoned in Beaumont and in the Harris County Jail. Now that Herrero has personally witnessed the detailed testimony Dominguez has provided against him, Dominguez' life is even more in danger.

I believe that he should receive a downward departure reflecting his substantial assistance in the prosecution of this case. I have advised Dominguez that I would write this letter to you making this recommendation and I have also advised him that it will be your decision whether to file the Motion and that even if the Motion is filed, it will be up to the Judge to determine an appropriate sentence.

If I can be of any further assistance, please feel free to call me.

Sincerely,


Kelly Siegler
Assistant District Attorney
Special Crimes, Major Offenders
Harris County, Texas
713-755-6178



# CHARLES A. ROSENTHAL, JR.
## DISTRICT ATTORNEY
## HARRIS COUNTY, TEXAS

May 1, 2002

Ms. Tracy Batson
Assistant United States Attorney
United States Attorney's Office
350 Magnolia Avenue
Ste. 150
Beaumont, TX 77701

Dear Ms. Batson:

    The purpose of this letter is to advise you of the cooperation of Nathan Foreman in the case styled State of Texas vs. Hermilio Herrero, Jr. for the offense of Murder, Cause No. 903122, which was prosecuted by me in the 179th District Court of Harris County. The trial against Herrero concluded on April 30, 2002 with Herrero being found guilty by a jury of Murder and Judge Mike Wilkinson sentencing him to a Life sentence and a $10,000 fine, which is the maximum.

    Let me start from the beginning briefly. This case was a cold case; one of many pending with the Harris County Sheriff's Department Cold Case Squad. It involved the killing of Albert Guajardo in a drug dispute that occurred in 1995. The defendant sliced the complainant's throat and then beat him viciously in the head with a hammer before rolling him up in a rug and throwing his body on the side of the road. When no leads developed in 1995, the case became inactive. The evidence in the trial consisted of admissions made by Herrero about committing the murder to other inmates, including Foreman, while he was imprisoned at Beaumont FCI Middle.

    When I interviewed Foreman regarding his knowledge of the facts of this case, I found him to be cooperative. I chose, however, not to use him as a witness at the trial because his knowledge was repetitious of another witness who did testify.

    You should also be aware of the fact that when the defendant first suspected that Foreman was involved in cooperating with us, Herrero made threats against his life. Those threats escalated to the point where it was

necessary to put Foreman in administrative segregation while he was imprisoned in Beaumont and in the Harris County Jail.

I leave in your hands whether Foreman should receive a downward departure reflecting his assistance in the prosecution of this case. I have advised Foreman that I would write this letter to you making this recommendation and I have also advised him that it will be your decision whether to file the Motion and that even if the Motion is filed, it will be up to the Judge to determine an appropriate sentence.

If I can be of any further assistance, please feel free to call me.


Sincerely,



Kelly Siegler
Assistant District Attorney
Special Crimes, Major Offenders
Harris County, Texas
713-755-6178



# CHARLES A. ROSENTHAL, JR.
### DISTRICT ATTORNEY
### HARRIS COUNTY, TEXAS

May 1, 2002

Mr. Sam Lewis
Assistant United States Attorney
United States Attorney's Office
910 Travis
Ste. 1500
P.O. Box 61129
Houston, TX 77208

Dear Mr. Lewis:

    The purpose of this letter is to advise you of the cooperation of Eddie Gomez in the case styled State of Texas vs. Hermilio Herrero, Jr. for the offense of Murder, Cause No. 903122, which was prosecuted by me in the 179th District Court of Harris County. The trial against Herrero concluded on April 30, 2002 with Herrero being found guilty by a jury of Murder and Judge Mike Wilkinson sentencing him to a Life sentence and a $10,000 fine, which is the maximum.

    Let me start from the beginning briefly. This case was a cold case; one of many pending with the Harris County Sheriff's Department Cold Case Squad. It involved the killing of Albert Guajardo in a drug dispute that occurred in 1995. The defendant sliced the complainant's throat and then beat him viciously in the head with a hammer before rolling him up in a rug and throwing his body on the side of the road. When no leads developed in 1995, the case became inactive. The evidence in the trial consisted of admissions made by Herrero about committing the murder to other inmates, including Gomez, while he was imprisoned at Beaumont FCI Middle.

    From my first contact with Gomez when I interviewed him regarding his knowledge of the facts of this case, I found him to be cooperative, forthcoming and truthful. I chose, however, not to use him as a witness at the trial because his knowledge was repetitious of another witness who did testify.

    You should also be aware of the fact that when the defendant first suspected that Gomez was involved in cooperating with us, Herrero made

threats against Gomez' life. Those threats escalated to the point where it was necessary to put Gomez in administrative segregation while he was imprisoned in Beaumont and in the Harris County Jail.

I leave in your hands whether Gomez should receive a downward departure reflecting his assistance in the prosecution of this case. I have advised Gomez that I would write this letter to you making this recommendation and I have also advised him that it will be your decision whether to file the Motion and that even if the Motion is filed, it will be up to the Judge to determine an appropriate sentence.

If I can be of any further assistance, please feel free to call me.


Sincerely,



Kelly Siegler
Assistant District Attorney
Special Crimes, Major Offenders
Harris County, Texas
713-755-6178



**CHARLES A. ROSENTHAL, JR.**
DISTRICT ATTORNEY
HARRIS COUNTY, TEXAS

October 29, 2002

Mark E. Cullers
Assistant U.S. Attorney
Eastern District of California
Federal Building, Room 3654
United States Courthouse
1130 O Street
Fresno, California 93721

Dear Mr. Cullers:

    I am writing to inform you of the cooperation and testimony I have received on the part of Michael Glynn Beckcom, #49349-079 in the trial styled State of Texas vs. Ronald Jeffery Prible, Jr. in Harris County, Texas. The trial concluded on October 25, 2002 and resulted in the defendant being sentenced by a jury to death.

    Michael Beckcom first came to my attention when he made me aware that he had information that would be helpful to my case. At that time Beckcom was incarcerated at Beaumont Medium FCI with my trial defendant, Prible and that is where and how Prible came into contact with Beckcom and confided details of his capital murder offense to Beckcom. From my first meeting with Beckcom, I was impressed with his cooperation, articulateness and recall; all characteristics with which I am sure you also are familiar. As I prepared for this trial, he was always consistently helpful. His testimony before the jury was the same, truthful and articulate. In my opinion, the jury probably had no warm feelings for Beckcom but appreciated the fact that he could not have known the facts he testified to unless the facts had been told to him by the killer, Prible.

    You should also be aware that the inmate population at Beaumont FCI Medium and Low is aware that Beckcom has cooperated and testified on behalf of the prosecution. Another inmate told of this fact and specifically made sure that the Aryan Brotherhood knew of it. That situation has made it impossible for Beckcom to return to Beaumont and has also put him in danger. It is my understanding that his case officer and the warden I have

been speaking to about this problem realize this and have made arrangements for Beckcom to be incarcerated elsewhere, at least until and unless he is brought to California should you decide to file a motion on his behalf.

It is important for you to know that Beckcom's assistance and testimony were crucial to the conviction of a defendant who executed a man and a woman, by shooting them in the back of the neck, sexually assaulting the woman, setting her body on fire, causing the house to burn which lead to three little girls dying of smoke inhalation. The little girls were ages 7, 7 and 1 and the manner in which they died was horrible.

Please do not hesitate to call me if you have any questions or need my assistance in this regard. I am not too familiar with how this "process" works, so please forgive me if I have omitted some information you need.

Sincerely yours,

*Kelly Siegler*

Kelly Siegler
Assistant District Attorney
Major Offenders, Special Crimes
713-755-6178