compared to $100) as he gave any other individual Harris County Criminal District Judge.

Roland Moore gave Judge Ellis a $250 campaign contribution on September 28, 1999, and a $100 campaign contribution on January 22, 2004. Mr. Moore was appointed to represent me on my Texas State Application for Habeas Corpus in October of 2002. Since July 1, 1999 Mr. Moore gave eight other campaign contributions to Harris County Criminal District Judges, five for $100 and 3 for $50. Mr. Moore's single largest campaign contribution of $250 – 250% greater than any other individual campaign contribution – went to Judge Ellis.

Thus, I feel the kickback scheme is this 1) the Harris County Republican Party solicits contributions from Judge Ellis, and in return the Harris County Republican Party provides Judge Ellis perks and services – it pays his election filing fees, promotes his campaign, gives advice, etc.; 2) then to cover those costs, Judge Ellis solicits money from area criminal attorneys and court reporters. In return Judge Ellis gives these campaign contributors court appointed work.

SPECIAL NOTE: Texas District Court Judges must avoid the appearance of impropriety – especially in capital murder death penalty cases. Judge Ellis' intentions regarding his court appointments in my appeals may have been honorable. I personally don't think so. I think this situation stinks. However, even if Judge Ellis's intentions were honorable, that's not enough. It is the appearance of impropriety that Judge Ellis must avoid. He didn't.

7

: 00349

## ATTORNEY TERRENCE GAISER

As far could as I could determine Terrence Gaiser has not given any Harris County Criminal District Judge a campaign contribution since July 1, 1999. Also, I could not determine if Mr. Gaiser has received any appellate court appointments in capital cases from Judge Ellis.

Clearly, this indicates no impropriety. It also clearly indicates no appearance of impropriety. However, ultimately this is inconclusive as to whether Judge Ellis shows favoritism in appellate court appointment to his campaign contributors. If Judge Ellis does show favoritism in court appointments, then, because Terrence Gaiser hasn't given any campaign contributions to Judge Ellis, it follows that Mr. Gaiser hasn't received any associated capital appeals court appointments.

## ATTORNEY KURT BUDD WENTZ

As far as I could determine Kurt Budd Wentz has given two Harris County Criminal District Judge campaign contributions since July 1, 1999. Mr. Wentz gave Harris County Criminal District Judge Jeannine Barr a $100 campaign contribution on July 2, 2001 and another $100 campaign contribution on May 7, 2002. I could not determine if Mr. Wentz has received any appellate court appointments in capital cases from Judge Barr. Also, it doesn't appear that Mr. Wentz has received any appellate court appointments from Judge Ellis.

However, just as with Terrence Gaiser, the situation with Budd Wentz indicates no impropriety. It also indicates no appearance of impropriety, and this

8

: 00350

is also inconclusive as to whether Judge Ellis shows favoritism in appellate court appointment to his campaign contributors. If Judge Ellis does show favoritism in court appointments, then, because Kurt Budd Wentz hasn't given any campaign contributions to Judge Ellis, it follows that Mr. Wentz hasn't received any associated capital appeals court appointments.

## ATTORNEY HENRY BURKHOLDER, III

Since January 1, 1999, according to Texas Ethics Commission records, Henry Burkholder gave nine campaign contributions to Harris County Criminal District Judges.

| Judge | Date | Amount |
|-------|------|--------|
| Elsa Alcala | Jan. 28, 1999 | $100 |
| Mark Kent Ellis | Sept. 28, 1999 | $500 |
| Unknown | Oct. 18, 1999 | $ 50 |
| Denis Collins | Oct. 18, 1999 | $100 |
| Mark Kent Ellis | Feb. 27, 2004 | $500 |
| Devon Anderson | Sept. 14, 2004 | $100 |
| James Anderson | Oct. 14, 2004 | $100 |
| Marc Carter | Oct. 19, 2004 | $100 |
| Angela Valesquez | Dec. 2, 2005 | $100 |
| **TOTAL** | | **$1,650** |

Henry Burkholder gave $1,000 in campaign contributions to Judge Ellis. That's 10 times move than he contributed to any other individual Harris County Criminal District Judge. Over 60% of all of Henry Burkholder's campaign contributions to Harris County Criminal District Judges went to Judge Ellis. Something stinks. The appearance of impropriety is unmistakable. More importantly, Henry Burkholder's duty to me – that is, his duty to represent my

: 00351

legitimate rights, claims and interests zealously and without being deterred by real or imagined fear of judicial disfavor – was violated.

Attorneys in Texas are bound by the Texas Lawyer's Creed, the Texas Standards for Appellate Conduct and the Texas Disciplinary Rules of Professional Conduct. And even though required to do so, Henry Burkholder didn't inform me about the Texas Lawyer's Creed (see rule 1 under "Lawyer to Client"), or the Texas Standards for Appellate Conduct (see rule 1 under "Lawyers' Duties to Clients").

Because of the $1,000 in campaign contributions, because Judge Ellis appointed Henry Burkholder to represent me, because Mr. Burkholder didn't tell me about the Texas Lawyer's Creed or the Texas Standards for Appellate Conduct, I feel Mr. Burkholder was more interested in serving Judge Ellis, than in serving me. I think Mr. Burkholder felt more of a duty to make Judge Ellis look good – or at least avoid making him look bad – than to represent me.

I feel there was an inappropriate understanding between Henry Burkholder and Judge Ellis. You do something for me (give me campaign contributions) and I'll do something for you (give you court appointments). The appearance of impropriety is obvious.

: 00352

## ATTORNEY ROLAND MOORE, III

Since January 1, 1999, according to Texas Ethics Commission records, Roland Moore gave ten campaign contributions to Harris County Criminal District Judges.

| Judge | Date | Amount |
|---|---|---|
| Elsa Alcala | July 22, 1999 | $100 |
| Mark Kent Ellis | Sept. 28, 1999 | $250 |
| Mike Wilkinson | Dec. 30, 1999 | $ 50 |
| Jeannine Barr | July 5, 2001 | $100 |
| Mary Lou Keel | June 20, 2002 | $ 50 |
| Jeannine Barr | Oct. 23, 2002 | $ 50 |
| Mark Kent Ellis | Jan. 22, 2004 | $100 |
| Marc Carter | Sept. 2, 2004 | $100 |
| James Anderson | Sept. 28, 2005 | $100 |
| Jeannine Barr | Nov. 17, 2005 | $100 |
| **TOTAL** | | **$1,000** |

Roland Moore gave $350 in campaign contributions to Judge Ellis. That's $100 more than he contributed to any other individual Harris County Criminal District Judge. Mr. Moore's largest single campaign contribution (by 250%) went the Judge Ellis. Although this isn't as reprehensible as the situation with Mr. Burkholder, it's still very disturbing. Impropriety is apparent here, too.

Roland Moore's duty to me is also bound by the Texas Lawyer's Creed, the Texas Standards for Appellate Conduct and the Texas Disciplinary Rules of Professional Conduct. Yet, just as with Henry Burkholder, and even though required to do so, Mr. Moore didn't inform me about the Texas Lawyer's Creed or the Texas Standards for Appellate Conduct.

00353

Thus, and similarly, I feel Mr. Moore is more interested in serving Judge Ellis, than in serving me. I think Mr. Moore feels more of a duty to curry favor with Judge Ellis than to represent me zealously.

SPECIAL NOTE: the Texas Standards for Appellate Conduct expressly provides that "[A] lawyer shall not be deterred by a real or imagined fear of judicial disfavor or public unpopularity." Yet this is exactly what Roland Moore appears to be doing.

I feel Mr. Moore is being deterred by real or imagined fear of judicial disfavor. I feel he's afraid that he won't get any more appellate criminal court appointments in Harris County if he doesn't properly ingratiate himself with Harris County Criminal Judges. Why else does Mr. Moore contribute money to judges? Judge Ellis, for one, has had an approximate $10,000 surplus in his campaign fund for almost six years. Why else has Mr. Moore only visited me once in four years – we only talked for a few minutes, and not about anything meaningful? Why else has Mr. Moore refused to interview a witness I feel has crucial information about my case?

### PRAYER

All things considered, the appearance of a bribery scheme between Judge Mark Kent Ellis and attorneys Henry Burkholder, III and Roland Moore, III is obvious. I'm not required to show that there really is a bribery scheme. All I have to show is the appearance of impropriety. I've done that.

: 00354

Whether Mr. Burkholder's and Mr. Moore's campaign contributions to Judge Ellis are honorable, or more to curry favor than to get actual quid pro quo concessions, doesn't matter. Judge Ellis' appearance of impropriety, Henry Burkholder's appearance of impropriety, Roland Moore's appearance of impropriety is obvious.

Thus, I pray that this motion is granted. I am innocent.

Respectfully submitted,

_____
Ronald Jeffery Prible, Jr. Pro Se

Ronald Jeffery Prible, #999433
TDCJ Polunsky Unit
3872 FM 350 South
Livingston, TX 77351-8580
NO PHONE
NO FAX

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of this motion was mailed to the person listed below on ~~September~~ JANUARY 18 , ~~2006~~. 2007 RSP
RSP

**Roe Wilson**
**Harris County District Attorney's Office**
**1201 Franklin St., #600**
**Houston, TX 77002-1923**

_____
Ronald Jeffery Prible, Jr.

13

CAUSE NO 921126-A

RONALD JEFFERY PRIBLE                    IN THE 351ST DISTRIC
        U.S.                             COURT
STATE OF TEXAS                           OF
HARRIS, COUNTY                           HARRIS COURT
                                         STATE OF TEXAS

MOTION PRO-SE FOR A EXTENSION OF FACTS, FINDINGS
AND CONCLUSIONS FOR PURPOSE OF HEARING ( BOARD OF
INQUIRY ) AS TO MY WRIT ATTORNEY TERRIBLE REPRESENTAT.
( NO REPRESENTATION IN REGARDS TO FILEING ISSUES OF
TRUE MERIT, WHICH TRUELLY EXIST ) AND FACTS TO SUPPOR
SUCH., ( I EXPLAIN REASON FOR NEED OF EXTENSION IN MOTION
I DO NOT KNOW THE STATIS OF FACTS, FINDINGS, AND
CONCLUSIONS AT THIS TIME.

                    RONALD S. PRIBLE SR

A MOTION BEEN SENT SAME AS THIS TO:

HARRIS COUNTY DISTRICT ATTORNEY
HARRIS COUNTY COURT HOUSE
    1201 FRANKLIN
    HOUSTON, TX
    77002

: 00356

THE STATE OF TEXAS          CAUSE # 921126       IN THE 351st DISTRICT COURT
VERSUS                                           OF
RONALD J PRIBLE JR                               HARRIS COUNTY

FILED
CHARLES BACARISSE
DISTRICT CLERK
HARRIS COUNTY, TEXAS
2007 FEB 26 AM 8:37
MAIL PROCESSING DEPT.

MOTION TO SUBSTITUTE COUNSEL OF RECORD
TO THE HONORABLE JUDGES OF SAID COURTS:
THIS FURTHER SUPPORT MOTION I JUST FILED. THIS IS LETTERS
I MADE REFERENCE TO IN MOTION WHERE MR MOORE MAKES
CLEAR IF I GET RID OF HIM I GET RID OF VINSON &
ELKINS. THEY ARE MARKED B & C, PLEASE EXCEPT TO SUPPORT
MOTION FILED FOR PURPOSE OF SUBSTITUTE COUNSEL OF
RECORD
        I PRAY THAT THIS MOTION IS GRANTED. I AM INNOCEN

                              RESPECTFULLY SUBMITTED

                              RONALD S. PRIBLE SR.

        I CERTIFY THAT A TRUE AND CORRECT COPY OF THIS
MOTION WAS MAILED TO THE PERSON LISTED BELOW ON
THE 26th DAY OF FEBRUARY 2007.

        ROE WILSON
        HARRIS COUNTY DISTRICT ATTORNEY'S OFFICE
        1201 FRANKLIN St., # 600
        HOUSTON, TX
          77002-1923

                              RONALD S. PRIBLE JR.

: 00367

## ROLAND BRICE MOORE III, P.C.
### ATTORNEY-AT-LAW
**The Great Southwest Building**
**1314 Texas Ave. Suite 1705**
**Houston, Texas 77002**

Office: 713 229-8500                                    Fax: 713 229-8989
Board Certified in Criminal Law      Texas Board of Legal Specialization

February 9, 2007

Mr. Ronald Prible TDC# 999433
Polunsky Unit
3872 FM 650S
Livingston, Texas 77351

Dear Mr. Prible,

Enclosed is a reply email from Vinson, Elkins. They say if you fire me, you fire
them too. So they will not agree to substitute me out of the case. We will have a
hearing before Judge Olen Underwood soon on your Motion to Recuse me, Mr.
Burkholder, and the Judge. Mr. Burkholder will be taking a job with a public
agency starting Monday, so he is off the case anyway. Your allegations are totally
false and I will say so.

Since I have won the only Writ of Habeas Corpus case in Houston in some time,
Ex Parte Amezquita, handed down on the day before Thanksgiving last year, I am
a little perplexed by how much you fight everything that I try to do. Why Mr.
Larkin hates me so much is just beyond me.

Enclosed is a copy of your Appellate Brief on the DNA issue. As I told you, your
filing this Motion was a mistake, as was your sending my letter to the Judge so
that the State could include it in their file against you. There is absolutely no
chance that the Court of Criminal Appeals will overturn the Judge's ruling, but I
have done the best I can again with another awkward position that you seem to
like to put me in.

Sincerely,

Roland B. Moore III

Roland:

I think I may have found some more Harris County data to use in support of Mr. Prible's claim.  I'm not sure if you're aware, but Dr. Hietala is in extremely poor health and in no position to provide us with any further analysis.  So I've been trying to track down other affidavits that he's provided in the hope that I can piece together enough data to satisfy the third prong of the Duren test - systematic exclusion.  Apparently, most of the work that Dr. Hietala did in Harris County was on grand juries.  His assistant tells me, however, that he did file at least one other affidavit containing his analysis of a Harris County jury venire.  I left a voice mail with Stan Schneider this morning to see if we can get a copy.  One other venire is unlikely to meet the burden, but it's the best we've got at this point.  If we can't get the other affidavit, the third prong will not be satisfied and the claim will definitely fail.  Hopefully Mr. Schneider will be able to send me something.

As for taking over the case, please let Mr. Prible know that if he fires you, he fires us too; it's a package deal.  No one here has anything like your expertise at handling criminal matters, and our agreement was to provide assistance with a single issue - the fair cross section claim.  V&E will not agree to take on the entire representation of Mr. Prible.

I'll let you know what happens with the affidavit.

Thanks,
Anthony

CAUSE NO. 921126 A

THE STATE OF TEXAS )                    IN THE 351ST

                    )
VS.                 )                    DISTRICT COURT
                    )
RONALD JEFFERY PRIBLE JR.    )          OF
                    )
                    )                    HARRIS COUNTY
                    )
                    )                    TEXAS

## MOTION TO RECUSE JUDGE MARK KENT ELLIS, PRESIDING JUDGE OF THE 351ST DISTRICT COURT OF HARRIS COUNTY, TEXAS; MOTION TO RECUSE ROLAND B. MOORE III APPOINTED IN THE ABOVE CAUSE NUMBER BY JUDGE ELLIS

I, RONALD JEFFERY PRIBLE JR. am acting on my own behalf, to file this Motion.  In

support of this Motion I state the following:

Texas Court of Criminal Appeals Amended Rules for the Appointment of

Attorneys as Counsel under Article 11.071 Sec 2(d), Texas Code of Criminal Procedure

#4 "An attorney on the list of attorneys eligible for appointment under Art. 11.017, shall

exhibit continued proficiency and commitment to providing quality representation to

defendants in death penalty cases."

Texas Disciplinary Rules of Professional Conduct lawyers responsibilities a

consequent obligation of lawyers is to maintain the highest standards of ethical conduct

as advocate, a lawyer zealously asserts the clients position under the Rules of the

Adversary System.  A lawyer acts as evaluator by examining a clients affairs and

reporting about them to the client or to others. In all professional functions, a lawyer should zealously pursue the client's interests within the bounds of the law. In doing so a lawyer should be competent, prompt and diligent. A lawyer should maintain communication with a client concerning the representation of that client.

Neglect of the responsibilities compromises the independence of the profession and the public interest which it serves. The desire for the respect and confidence of the members of the profession and of the society which it serves provides the lawyer the incentive to attain the highest possible degree of ethical conduct. The possible loss of that respect and confidence is the ultimate sanction. So long as its practitioners are guided by these principles, the law will continue to be a noble profession. This is its greatness and its strength, which permit of no compromise.

"Fraud" or "Fraudulent" denotes conduct having a purpose to deceive and not merely negligent misrepresentation or failure to apprise another of relevant information. "Should know" when used in reference to a lawyer denotes that a reasonable lawyer under the same or similar circumstances would know the matter in question.

A lawyer generally should not accept or continue employment in any area of the law in which the lawyer is not and will not be prepared to render competent legal services (Texas Court of Criminal Appeals Amended Rules for Appointment of Attorneys, Texas Code of Criminal Procedure etc.)

Code of Judicial Conduct: A judge should uphold the integrity and independence of the judiciary. A judge should avoid impropriety and the appearance of impropriety in all activities. A judge should perform the duties of office impartially and diligently. A judge shall not allow any relationship to influence judicial conduct or judgment. (Code of

Judicial Conduct, etc.)

Note:   Roland Moore should be considered for recusel by outside judge along with Judge

Ellis because the impropriety is a combination of the two activities (Or should I say a

lack thereof!)

My attorney ROLAND MOORE has never come and visited me. (How could he

possibly do a true writ without speaking to me?) I have caught him in lie after lie. He

made excuse after excuse (even health related excuses) why he had not acted in regards

to certain issues on appeal. (The issues are of the utmost importance and he had

knowledge for over 3 years but still has not acted.) He took an issue that he did not do

which has no merit (it had been ruled against in other persons appeals) he used it to fatten

up my writ (giving the impression he really filed a lengthy writ) truth be told he had not

filed any issue with merit. He simply went thru the motions. In fact, things he said he

was going to do as far as interviewing witnesses he just simply dismissed. He totally

changed his stance saying no one believed them.   He at one time said if a person as such

came forward I have grounds on appeal. This person comes forward and after along time

goes by and he does not interview them he simply says "no one believes him." Now my

question is "Is Mr. Moore a Psychic?" "Is he qualified with credentials in reading

people's minds?" (I mean Mike Beckom got a time cut to lie, this individual getting

nothing to tell the truth whose information was made available to Mr. Moore) As a

hearing will show Mr. Moore has in no way done a true writ. Judge Ellis is certainly

aware of this by all the Motions that I have filed with the court (See Court File). The

only time I have spoken to Mr. Moore face to face (know that I have written him asking

him to come see me or just call me and he never has) was when Fox 26 did an interview

with me. This was shortly upon me arriving on death row. He came in to inform me that prison rules stated that he could not be in while media interviews are taking place. He was planning on being there during the interview. He spoke to me probably 5 minutes and told me he'd be back to speak with me. In that short period of time he told me he and my judge are personal friends and not to quote him on this but the judge told him "He could not believe I was found guilty." Now I have since found out Mr. Moore is untruthful, in bad health, has in no way made an attempt to do a true writ. (In fact he contradicted himself time and time again in letters only to change his stance again when confronted with his last untruth. It is really sad.) I feel if he answers my questions truthfully at a hearing he might be disbarred. If he is caught lying, I ask that you find him guilty of perjury. (This is of the utmost importance and not to be taken lightly) My Judge knows that Mr. Moore has done nothing in the way of a true writ. He has seen my motions asking for an evidentiary hearing in regards to this motion asking to get rid of Mr. Moore. Judge Ellis knows of the witness I wish to be questioned and understands the seriousness as well as the sense of urgency here. Yet Judge Ellis has in no way acted as to insuring this is done properly. Upon trying to find out how all I came to learn in regards to prosecution misconduct could stay hidden away for so long, on top of finding out about campaign contributions. Going back to Mr. Moore's own words "he and my judge are personal friends." Something is not right... Judge Ellis is required to act by law when he knows something is not right. Kelly Siegler (Prosecutor during my original trial) used Mike Beckom Celly a month before I went to trial in a total separate case against another individual (Hermilio Herrero). Ms. Siegler hid this information. What are the odds that this man and I would "confess" to two cells out of 3000 inmates (who

both happen to have the same prosecutor on their cases) this whole thing is corrupt in a way that cannot be denied. I have found out since being on death row Hermilio Herrero sent his wife to talk to my Trial Attorney when they found out through a news source the same prosecutor was doing the same thing to me she had just done with the same group of people. My Trial Attorney never made that known to me or the court. As far as I am concerned, that ineffective assistance of counsel my Trial Attorney could have showed this from the start for what it truly was. A conspiracy by Kelly Siegler with Jail House Informants to give testimony for time cuts (to lie for a time reduction) I guess it is unethical to put a rogue prosecutor on front street for who they really are in Harris County. The judge knows what is going on and for him not to act is a violation of his oath.

     I RONALD JEFFERY PRIBLE JR. do hereby pray that you grant this Motion for recusal of Judge Mark Kent Ellis and Writ Attorney Roland B. Moore III, and grant a new hearing in this matter to open up an investigation of the facts that have been stated about the misconduct that has taken place.

Ronald Jeffery Prible Jr.

Cc:    Harris County District Attorney
       Harris County Courthouse
       1201 Franklin
       Houston, TX  77002

PLEASE SEE RULEING B, C.C.A. AS TO
HERMILIO HERRERO JR CASE:

PLEASE READ THE ENCLOSED RULEING BY COURT OF APPEALS IN
REGARDS TO HERMILIO HERRERO JR. PLEASE PAY ATTENTION
TO PAGE 3, KNOWTICE DETECTIVE CURTIS BROWN FROM HARRIS
COUNTY SHERIFFS DEPARTMENT. (SAME HOMOCIDE DETECTIVE WHO
SAID THEY DID NOT TAKE SAMPLES OF BLOOD ON WALL IN GARAGE WHO IT
APPEARS IS SOMEONE STEVE FOUGHT WITH BLOOD, WHEN ASKED WHY AT
TRIAL HE SAID POOR DETECTIVE WORK. Also REMEMBER HE DENIED
EUER SEEING THOSE PHOTO OF ME NAKED TAKEN IN INTERIGATION ROOM
AT LOCKWOOD AND NAVIGATION, THOSE PHOTO SHOWED I HAD NO MARKS ON
MY BODY OF ANY KIND. HE TOOK THE PHOTOS! HE A (LIER!) KNOWTICE KELL
SIEGLER (IMAGINE THAT COINCIDENCE!), NOW PAY CLOSE ATTENTION TO THI
RAFAEL DOMINGUEZ! (ONE NATHEN FOREMAN BEST FRIEND FROM FREEWORLD AS
WELL AS PART OF HIS GROUP THAT HUNG OUT TOGETHER IN PRISON, WITH FORE
CELLY MIKE BECKCOM OF COARSE A PART OF THIS GROUP.) NOW REMEMBER
DETECTIVE BROWN, KELLY SIEGLER, NATHEN FOREMAN, MIKE BECKCOM,
RAFAEL DOMINGUEZ, RONALDS PRIBLE JR (ME), HERMILIO HERRERO JR,
BEAUMONT FEDERAL PRISON, DO YOU REALLY THINK IT COINCEDENCE ALL
THIS IS SO INTERCONNECTED. (IT NOT AND MY JURY HAD A RIGHT TO KNOW
THIS!) AS BAD AS A JURY WANTS SOMEONE TO BE HELD LIABLE FOR A CRIME
AS BAD IS THIS THEY CAN NOT USE THE CRUTCH "WHAT IF HE DID CONFESS
TO HIM" AS A REASON TO HANG ME, IT WOULD BE CLEAR AS DAY WHAT
GOING ON HERE SHOULD THE FACTS BE MADE KNOWN TO THEM AS THEY
TRUELLY ARE, TRUTH BE TOLD ALL A JURY LOOKING FOR IS A REASON
TO HANG SOMEONE FOR A CRIME SUCH AS THIS, KELLY SIEGLER KNOWS
THIS ALL TO WELL SO SHE PULLED A LIEING JAILHOUSE INFORMANT OUT
OF HER, HAT. DRAMA BELONGS IN HOLLYWOOD, IN THE COURT ROOM THE
TRUTH! (PERHASPS SIEGLER MISSED HER TRUE CALLING, MAYBE SHE
SHOULD BE IN HOLLYWOOD!) ONE THINGS FOR SURE SIEGLER KNEW THES
WERE NO INMATES CONTACTING HER OUT OF CLEAR BLUE TO CLEAR
THERE CONSCIENSE AS SHE LEAD THE JURY TO BELIEVE, SHE HID ALL THIS
INFORMATION IN SUCH A WAY AS TO IF IT NEVER BE MADE KNOWN. I
FILED MOTIONS TO GET A HEARING IN REGARDS TO THIS. THIS
INMATE WALKER CAN CONNECT THE DOTS! HE WAS APART OF FOREMAN
LITTLE PRISON GROUP AND KNEW EXACTLY WHAT THEY WERE DOING. THEY WERE
JUST GETTING TO KNOW US WITH ONE PURPOSE IN MIND TO ACT AS THOUGH
WE TOLD THEM SOMETHING IN REGARDS TO THESE CASES. THIS WAS DONE FOR ON
REASON SIEGLER TOLD THEM SHE SEND A LETTER TO THERE PROSECKTER ASKING FO
A TIME REDUCTION. TO KNOWINGLY FABRICATE EVIDENCE IS A CRIME IT SELF!

THE STATE OF TEXAS
VERSUS
RONALD J. PRIBLE SR

IN THE 351st DISTRICT
COURT OF HARRIS
COUNTY, TEXAS

NO. 921126

MOTION TO BE BRUNG BACK FOR HEARING IN PERSON
TO THE HONORABLE JUDGES OF SAID COURTS
I KNOW ACTING OWN MY BEHALF STATE FOLLOWING
TO SUPPORT MOTION. I NEVER BEEN IN TROUBLE
IN FEDERAL PRISON OR DEATH ROW (SEE PRISON RECOR
WHEN I ROBBED THOSE BANKS I NEVER HAD A GUN. CI
ONLY HAD A NOTE, THIS IS KNOWN. WHY KELLY STEGLER
WAS ALLOWED TO SAY TO JURY "YOU KNOW MR PRIBLE
HAD A GUN HIDDEN ON HIM SOME WHERE WHEN HE
ROBBED THOSE BANKS" I DO NOT KNOW. I DON'T KNOW
WHY SHE BEEN ABLE TO DO ALL THE LIEING, WRONGS
THINGS TO WRONGFULLY PUT ME HERE BUT SHE HAS.
I WOULD NOT DO ANYTHING OUT OF THE RULES IF
I COME BACK. (JUST LOOK AT MY PRISON RECORD IT
SPEAKS FOR IT SELF) AT THAT VIDEO HEARING I AM
SHACKLED FROM MY FEET, WAIST, AND HANDS. I AM
LIMITED IN MOVEMENT. I NEED TO BE ABLE TO AT
LEAST MOVE MY HANDS TO REFER TO LEGAL NOTES. I
IS IGNORANCE TO DO ME LIKE THIS WHEN I HAVE
NOT AND WOULD NOT DISABEY THE RULES OF THE
COURT ROOM, I AM INNOCENT OF THIS CRIME AND
AS UPSET AS I GET AT THE WRONGFUL SITUATION
I WOULD IN NO WAY ACT IN ANY WAY TO GIVE
KELLY STEGLER REASON TO MAKE ANY MORE FALSE
ALLEGATIONS AGAINST ME. SO PLEASE LET ME HAVE
A OPPERTUNITY TO SPEAK IN PERSON IT TOUGH ENO
TO REPRESENT MY SELF BUT WITH A BUNCH OF TDC
GUARDS TREATING ME LIKE I AM HANNIBLE LECTO
IT VERY DIFFICULT. THERE JUST NO REASON TO TREAT
ME LIKE THIS. I ASKED THE WARDEN AT THE STILES
UNIT TO TAKE OFF MY HAND CUFFS SO I COULD REFER
TO MY LEGAL NOTES. HE ASKED TO SEE MY TRAVEL
CARD LIKE HE WAS CONSIDERING IT. ONLY TO SAY
NO WHEN I NEVER BEEN IN TROUBLE IN PRISON.
WHY EVEN ACT LIKE YOU ARE GONNA TRUELLY CONSIDE
SOMETHING, WHEN YOUR NOT? I HAD TO ORIGINATE

THE TDC OFFICERS WERE RUNNING BEHIND FOR THE
10:00 HEARING WHEN I GOT TO STILES UNIT A OFFICER
TOLD ME I COULD NOT. SHE SAID THEY WERE WAITING
FOR ME I WAS LATE ALREADY. (LIKE IT MY FAULT)
I TOLD HER YOU DON'T UNDERSTAND I GOT TO GO
BAD. SHE SAID NO. THE OFFICER SAID IF I
COULD GO LIKE THAT ALL SHACKLED UP HE TAKE ME
TO A BATHROOM THAT WAS RIGHT THERE. I DID MY
BEST ONLY TO HAVE PISS ALL OVER MY LOWER PART
OF MY JUMPER AND OWN MY BOXERS. NOT TO MENTION
THE FACT MY PENIS IS TOUCHING THAT DIRTY CHAIN
(IT MIGHT SOUND FUNNY TO YOU BUT IT VERY DEGRADING
ING AND I ASSURE YOU YOU NOT WANT IT TO HAPPEN TO
YOU ARE ANYONE YOU CARED ABOUT) SO PLEASE BRING
ME BACK FOR A HEARING OR AT THE VERY LEAST
ORDER THE WARDEN AT STILES UNIT TO REMOVE
MY HANDCUFFS SO I CAN MOVE MY HANDS (I MEAN
THERE SIX TDC GUARDS THERE) IT MY PRAYER YOU
GRANT MY MOTION.

RONALD S. PRIBLE SR

CAUSE NO. 921126-A

| | | |
|---|---|---|
| THE STATE OF TEXAS | ) | TEXAS COURT OF |
| | ) | |
| VS | ) | CRIMINAL APPEALS |
| | ) | |
| RONALD JEFFERY PRIBLE JR. | ) | AUSTIN, TX |

### MOTION FOR COURT TO HAVE EMERGENCY HEARING AS TO PROSECUTIONAL MISCONDUCT AND ATTEMPT TO COVER IT UP BY NOT ALLOWING FACTS TO BE MADE KNOWN AS THEY TRUELLY ARE.

TO THE HONORABLE JUDGES OF SAID COURTS:

I, RONALD J. PRIBLE JR. am acting on my own behalf, to file this motion. In support of this I state the following:

The Prosecutor (Kelly Siegler) conspired with jail house informants to knowingly give false statements for time reduction. She hid this information. It has since come out of her true ties to jail house informants. This knowledge was known by the Trial Attorney and never made known to myself. (I found all this out since I have been on death row). My Writ Attorney knew of this and did not act. My trial judge knows of this and has not acted. To fabricate evidence is a crime in itself. A true evidentiary hearing for purpose to uncover truth as to wrong done will result in undeniable proof of prosecutional misconduct. The great lengths that Prosecutor Kelly Siegler went to cover up an investigation Harris County Sheriff Department messed up by their own admittance. To quote Curtis Brown (lead Detective Homicide over case) "Poor detective work". What Siegler did in the dark was known and has come to light.

14/0573

: 00379

It appears the power that is in Harris County wish not to have another scandal and not slander the Drama Queen image. Putting a problem off not solving it. Kelly Siegler a Rogue Prosecutor who does criminal acts at the hands of the Justice System. I am convinced she does that all for her personal notoriety. I have been on death row over four (4) years for a crime that I did not commit. The lunacy is what was done to put me here wrongly can be shown and has yet to be done. The individuals who have the power to make to opportunity available have turned a blind eye. Kelly Siegler, no great Prosecutor, she just has fabricating evidence down to a science (to knowingly have a witness give false testimony is fabrication of evidence). What is sad is the Justice System in Harris County allows her to do it. Your court is the last line of defense to insure the integrity of the system is not compromised. Just look into what I say – you can not dismiss it! It is all documented and can be shown. If the District Attorney's office has nothing to hide, they should welcome an open court hearing. I assure you they will give every reason in the world why one should not be granted. At the end of the day, the truth is still the truth! A lie is still a lie! Drama belongs in Hollywood! In the court room the TRUTH! Please view the documents enclosed to support this motion. I pray you grant this motion.

Thank You!

Ronald Jeffery Prible JR.

: 00380

PLEASE SEE RULEING B C.C.A. AS TO
HERMILIO HERRERO JR CASE:

PLEASE READ THE ENCLOSED RULEING BY COURT OF APPEALS IN
REGARDS TO HERMILIO HERRERO SR. PLEASE PAY ATTENTION
TO PAGE 3, KNOWTICE DETECTIVE CURTIS BROWN FROM HARRIS
COUNTY SHERIFFS DEPARTMENT, (SAME HOMOCIDE DETECTIVE WHO
SAID THEY DID NOT TAKE SAMPLES OF BLOOD ON WALL IN GARAGE WHO IT
APPEARS IS SOMEONE STEVE FOUGHT WITH BLOOD. WHEN ASKED WHY AT
TRIAL HE SAID POOR DETECTIVE WORK. Also REMEMBER HE DENIED
EVER SEEING THOSE PHOTO OF ME NAKED TAKEN IN INTERIGATION ROOM
AT LOCKWOOD AND NAVIGATION, THOSE PHOTO SHOWED I HAD NO MARKS ON
MY BODY OF ANY KIND. HE TOOK THE PHOTOS! HE A (LIER!) KNOWTICE KELL
SIEGLER (IMAGINE THAT COINCIDENCE!) NOW PAY CLOSE ATTENTION TO THIS
RAFAEL DOMINQUEZ! (HE NATHEN FOREMAN BEST FRIEND FROM FREEWORLD AS
WELL AS PART OF HIS GROUP THAT HUNG OUT TOGETHER IN PRISON, WITH FORE
CELLY MIKE BECKCOM OF COARSE A PART OF THIS GROUP.) NOW REMEMBER
DETECTIVE BROWN, KELLY SIEGLER, NATHEN FOREMAN, MIKE BECKCOM,
RAFAEL DOMINQUEZ, RONALD S PRIBLE SR (ME), HERMILIO HERRERO SR,
BEAUMONT FEDERAL PRISON, DO YOU REALLY THINK IT COINCEDENCE ALL
THIS IS SO INTERCONNECTED. (IT NOT AND MY JURY HAD A RIGHT TO KNOW
THIS!) AS BAD AS A JURY WANTS SOMEONE TO BE HELD LIABLE FOR A CRIME
AS BAD IS THIS THEY CAN NOT USE THE CRUTCH "WHAT IF HE DID CONFESS
TO HIM" AS A REASON TO HANG ME. IT WOULD BE CLEAR AS DAY WHAT
GOING ON HERE SHOULD THE FACTS BE MADE KNOWN TO THEM AS THEY
TRUELLY ARE. TRUTH BE TOLD ALL A JURY LOOKING FOR IS A REASON
TO HANG SOMEONE FOR A CRIME SUCH AS THIS. KELLY SIEGLER KNOWS
THIS ALL TO WELL SO SHE PULLED A LIEING JAILHOUSE INFORMANT OUT
OF HER HAT. DRAMA BELONGS IN HOLLYWOOD, IN THE COURT ROOM THE
TRUTH! (PERHASPS SIEGLER MISSED HER TRUE CALLING, MAYBE SHE
SHOULD BE IN HOLLYWOOD!) ONE THINGS FOR SURE SIEGLER KNEW THES
WERE NO INMATES CONTACTING HER OUT OF CLEAR BLUE TO CLEAR
THERE CONSCIENSE AS SHE LEAD THE JURY TO BELIEVE, SHE HID ALL THIS
INFORMATION IN SUCH AWAY AS TO IF IT NEVER BE MADE KNOWN. I
FILED MOTIONS TO GET A HEARING IN REGARDS TO THIS. THIS
INMATE WALKER CAN CONNECT THE DOTS! HE WAS APART OF FOREMAN
LITTLE PRISON GROUP AND KNEW EXACTLY WHAT THEY WERE DOING, THEY WERE
JUST GETTING TO KNOW US WITH ONE PURPOSE IN MIND TO ACT AS THOUGH
WE TOLD THEM SOMETHING IN REGARDS TO THESE CASES, THIS WAS DONE FOR ONE
REASON SIEGLER TOLD THEM SHE SEND A LETTER TO THERE PROSECUTER ASKING FO
A TIME REDUCTION. TO KNOWINGLY FABRICATE EVIDENCE IS A CRIME IN IT SELF!

CAUSE NO. 921126

| | | |
|---|---|---|
| THE STATE OF TEXAS | ) | IN THE 351ST |
| | ) | |
| VS. | ) | DISTRICT COURT |
| | ) | |
| RONALD JEFFERY PRIBLE JR. | ) | OF |
| | ) | |
| | ) | HARRIS COUNTY |
| | ) | |
| | ) | TEXAS |

## SUBSEQUENT APPLICATION FOR A WRIT OF HABEAS CORPUS

## THIS IS A CAPITAL CASE

Petitioner, **RONALD PRIBLE JR.,** is currently confined on death row the Polunsky

Unit in Livingston, Texas.  I,  acting on my own behalf pursuant to the article 11.071 of

the Texas code of criminal procedure, I petition this court to issue a writ of habeas corpus

and to order my release from confinement on grounds that my custody violates the

Constitution and laws of the United States and Texas.

"Do you know what it means to incarcerate an innocent man? It is kidnapping, it is

torture, and in the case of capital punishment, it is murder!"

A.  INTRODUCTION

Explain Issues:

B.  STANDARD FOR THE COURTS CONSIDERATION OF THIS BRADY CLAIM.

In Brady VS. Maryland, 373 U.S. 83 (1963) the United States Supreme Court held that

"The suppression by the prosecution of evidence favorable to an accused upon request

violates due process where the evidence is material either to guilt or punishment,

irrespective of the good faith or bad faith of the prosecution".  ID. at 87 subsequent

decisions have abandoned the prerequisite of a defense request for exculpatory evidence before an accused may benefit from the court's decision in Brady, United States VS. Bagley, 473 U.S. 667, 682 (1985).  Moreover, the court has rejected any distinction between impeachment and exculpatory evidence for purposes of Brady analysis. ID at 677; Giglio VS. United States 405 U.S. 150, 154 (1972).  Under Brady and its progeny a proceeding is rendered fundamentally unfair if:  (1) The prosecution is suppressed favorable evidence; and (2) the evidence was material to either the guilt or punishment, Brady VS. Maryland, 373 U.S. 83, 87 (1963).  See Kyles VS. Whitley, 514 U.S. 419, 432 (1995); United States VS. Bagley, 473 U.S. 667, 683 (1985); Blackmon VS. Scott, 22F, 3D, 560, 564 (5th CIR), Cert. denied.  513 U.S. 1060 (1994); Harm VS. State, 183 S.W. 3D 403, 406 (Tex. Crim. App. 2006); exparte Adams, 768 S.W. 2D 281, 290 (Tex Crim. App. 1989).  Evidence is material "if there is a reasonable probability that, had the evidence been disclosed, the result of the proceeding would have been different" Kyles, 519 U.S. at 432; Bagley, 473 U.S. at 632; Blackmon, 22F.3D at 564; Adams, 768 S.W. 2D at 290.  The Kyles decision clarifies four significant aspects of materiality analysis under Brady.  First, to demonstrate materiality, a petitioner is not required to demonstrate by a preponderance of the evidence that the suppressed evidence, if known to the defense, would have ultimately resulted in an acquittal of a life sentence Kyles, 514 U.S. at 434. The inquiry is more properly whether the suppressed evidence undermines confidence in the jury's decision. ID. At 1566.  Second, materiality analysis "is not a sufficiency of the evidence test".  ID (emphasis added).  The supreme court clearly stated, "(A)  Defendant need not demonstrate that after discounting the inculpatory evidence in light of the undisclosed evidence, there would not have been enough left to convict (or return a

sentence of death)". ID. At 434-35. One demonstrates a Brady violation by "showing that the favorable evidence could reasonably be taken to put the whole case in such a different light as to undermine confidence in the verdict." ID. (foot note omitted); see also Lindsey VS. King, 769 F. 2D 1034, 1042 (5th Cir. 1985) (suppress impeachment evidence may have consequences for the case far beyond discrediting the witness' testimony). Third, harmless error analysis is not applicable to Brady violations. Kyles 514 U.S. at 435. The Kyles court stated, "Once a reviewing court applying Bagley has found constitutional error there is no need for further harmless error review", ID. Finally materiality must be assessed "In terms of the suppressed evidence considered collectively, not item by item." Kyles, 514 U.S. at 436 as is discussed herein, when the suppressed evidence in my case is considered collectively, as it must be under Kyles, there is a reasonable probability that the result of the guilt/innocence phase of my trial would have been different.

## C. THE EXCULPATORY EVIDENCE

The prosecution (Kelly Siegler) knowingly and intentionally hid her true ties to Mike Beckom and her jail house informants in Beaumont Federal Prison. She gave impression Mike Beckom just an inmate who comes forward with some information of a confession. She gives impression to court Beckom just an inmate who contacted her out of clear blue to be forthcoming with some information of a murder because he believed it to be the right thing to do. Truth be told she encouraged Beckom with the incentive of a letter to the prosecutor asking for a time reduction to get close to Prible and find any information that would aid her in making her case. (This is a Messiah issue: Massiah VS. United States, 377 U.S. 201 (1964) when it recruited a prisoner to act as the government agent in

deliberately elicited incriminating information from Prible. See Creel VS. Johnson, 163F.3d 385, 393 (5th Cir 1988). When Prible continued to tell Beckom he was innocent of this crime Beckom took it upon himself to fabricate a confession (See his statement obvious impossible untruth) to ensure he would receive some form of payment from Siegler, (what is more priceless than your freedom?) Siegler was using Beckom and his group of friends from Federal Prison to aid her in making cases (Name of those used: Nathan Foreman, Mike Beckom, Rafael Dominquez, as well as others not named here) only upon me being wrongly convicted and placed on Death Row has the actions done in the dark come to light. Siegler never thought the truth of what she did would be found out. She used Mike Beckom, Celly Nathan Foreman and his best friend Rafael Domiquez to say Hermilio Herrero confessed to them a month before my trial at his trial. Had this information been known I could have showed this for what it truly was, a conspiracy by one Kelly Siegler to make cases where there was no evidence. (She took it upon herself to make evidence which is a criminal action itself.) Nathan Foreman could not be used to testify against Herrero because when he said he confessed to him, records showed he was not even on compound. (Never the less Foreman was reinstated for a state violation when his time was up in Federal Prison for his friends assistance to Siegler). One more note on the subject of Foreman, his uncle famous boxer George Foreman is personal friends with Siegler) Had I been given this information I could have shown these inmates were waiting on me before I stepped on compound to get close to me in hopes of getting information they could give to Siegler in hopes of a reward of time reduction (I was at a low security prison about to go home when I was charged with Capital Murder and awaiting a bench warrant to Harris County, my level was raised and I

was sent to Medium.  This  is where Siegler informants at her request were already in waiting to get close to me so they could try to obtain information from me as well as boost their creditability they knew me.  Had I been made aware of the ties she had to Beckcom and his group of friends who aided Siegler in other cases, I could have showed this as it truly a prosecutor who had Foreman recruit his friends to enlist in Siegler army of deceit.  To carry out what ever mission she task them with in hopes of a time cut.  The fact that they lie as to the true facts of their conversation with whom they deem a target of opportunity is just collateral damage to them.

D.  EVIDENCE OF SUCH

Hermilio Herrero case where Siegler used same group of prison friends (Forman Group) on him.

Carl Walker who was apart of this group who has now come forward with information to such.  (Carl Walker # 04770-017 who currently in federal prison and is not getting any form of payment to make known what he is).

Detective Brown same Homicide Detective who testified at my trial was Hermilio Herrero homicide investigator as well.  (He played dumb at my trial, his own words "poor detective work" and goes on to lie saying "He never saw those pictures taken of my body nude at homicide station in interrogation room".  They showed I had no marks on my body, he took the pictures.

Out of 3000 inmates, Herrero and I are supposed to have confessed to same prosecutor ▬ group of jail house informants she recruited and did not make known. Also same homicide detective who just unknowing of all this as well works both cases. This is not a coincidence and my jury had a right to know this!!!

E.   THE SUPPRESSED EVIDENCE IS MATERIAL

Materiality must be assessed "in terms of the suppressed evidence considered collectively, not item by item". Kyles, 514 U.S. at 436.

1.   Prosecution knowingly and intentionally hid true ties to Mike Beckom and her other jail house informants roles in this as well. (That means their information in any shape, fashion, or form).

2.   Prosecution fails to make information as to her use of informants in regards to Hermilio Herrero case and how informants roles are so interconnected in my case.

3.   This was a clear act on prosecution behalf to cover up any connection between Herrero case and Prible case. (The informants involved are one and same as far as group, their roles, and ties to the prosecutor).

4.   Detective Brown who swear out a warrant the victims were shot with a 38 pistol and records show I purchased a 38 pistol from Carters Country and I have not been forth coming with it to be ruled out as the murder weapon. Now first of all, no one ever came and asked me for the 38 pistol so I could give it to be tested and shown not to be the murder weapon. (How

can I not be forth coming with something I never been asked to come

forward with?) It comes out at my trial they do not know the caliber of the

murder weapon but my 38 was not it. Now Detective Brown swore out

falsely the affidavit for my arrest to get me charged so Seigler could put

her plan in action of getting me next to her informants. (She knew it

would up my custody level and I would be placed at medium with

Foreman group). This was a conspired act by one Kelly Siegler (Dram

Queen) to fabricate evidence to bring back a conviction and put another

notch in her belt.

If this information was made known there is a reasonable probability that, had the

evidence been disclosed, the result of the proceeding would have been different. See

Kyles, 519 U.S. at 432; Bagley, 473 U.S. at 682; Blackmon, 22 F. 30 at 564; Adams, 768

S.W. 2D at 290.

F.  THIS BRADY CLAIM SATISFIES THE STANDARD FOR FILING A
    SUCCESSIVE APPLICATION UNDER ARTICLE 11.071 SECTION 5.

Article 11.071, section 5 (a) prohibits the consideration of a successive application unless

the applicant can establish on of the following showings:

> (1)  The current claims and issues have not been and could not have been
>      presented previously in a timely initial application...because the factual or

legal basis for the claim was unavailable on the date the applicant filed the previous application.

 

   (2)  By a preponderance of the evidence, but for a violation of the United States constitution no rational juror would have found the applicant guilty beyond a reasonable doubt.

Tex. Code Crim. Proc. Art. 11071 section 5 (a).  This claim meets the standards set forth in Art. 11.071, section 5 (a) because it could not have been presented in a prior application because the factual basis was unavailable at that time.  Information was never made known by the prosecution team, the evidence was never disclosed to the defense in this case, and in many others, the Court of Criminal Appeals has found that previously unpresented Brady claims and claims based on newly discovered evidence of innocence will meet the requirements of section 5 and this be considered on the merits in State Court.  See exparte Blair, No. 40, 719-3 (Tex.Crim. App. May 30, 2001).  See exparte Reed, No. 5096103 (Tex. Crim. App. October 19, 2005) (authorizing successive proceeding on a claim that the state with held impeachment evidence of eyewitness and evidence of innocence); Exparte Washington, No. 35,410-02 (Tex. Crim. App. 2002) (authorizing successive proceedings on claim that state with held information regarding criminal records of punishment phase witnesses and presented false and misleading testimony); Exparte Murphy, No. 30. 035-02 (Tex. Crim. App. Sept 13, 2000) (authorizing successive proceeding on a claim that prosecutors relied on perjured

testimony); Exparte Faulder, No. 10, 395-03 (Tex. Crim. App. June 9, 1997) (authorizing successive proceedings on a claim that prosecutors with held the correct name and address of a witness with exculpatory information). Accordingly, this court should issue the writ pursuant to article 11.071 section 6 and allows further proceedings on this claim in accordance with the statute. Moreover, this court should delay its decision regarding the findings of fact and conclusions of law on Mr. Prible, claims currently pending before court so that they may be considered in conjunction with the prosecution conspiracy with jail house informants to give false testimony for time reduction and failing to make information available to defense. (Clearly a Brady violation).

CONCLUSION AND PRAYER FOR RELIEF

In this petition and this document Prible has demonstrated good cause for court to grant relief. Wherefore, petitioner Prible prays that the honorable court:

(1) Allow him to be heard on matters contained in this document, if necessary, to present testimony in support there of.

(2) Grant other such relief as Law and Justice require.

Respectfully submitted this __14__ day of June 2007.

Ronald L. Prible Jr.

| RONALD J. PRIBLE JR. | ) | IN THE 351ST DISTRICT |
| | ) | |
| VS. | ) | COURT OF |
| | ) | |
| STATE OF TEXAS | ) | HARRIS COUNTY |
| | ) | |
| HARRIS COUNTY | ) | STATE OF TEXAS |

## CAUSE NO. 921126-A

## PETITIONER PRIBLE MOTION FOR DISCOVERY AND MEMORANDUM OF LAW IN SUPPORT (PRO-SE).

I

## INTRODUCTION

Rule 6 (a) of the rules governing section 2254 cases permits a District Court to grant discovery once a petitioner makes a "good cause" showing that information he intends to seek under the federal rule could support his claims for relief.  Though Prible contends that he clearly has made a prima facie showing that the state suppressed evidence, presented false testimony, a petitioner does not have to demonstrate a prima facie case for relief in order to establish good cause.  As the Supreme Court has indicated, discovery is precisely what is needed in many instances to make the prima facie case petitioners are entitled to develop once they present well-pleaded claims based on specific allegations. See Bracy VS. Gramley, 520 U.S. 899, 905 (1997).

In Bracy, the United States Supreme Court unanimously reversed the lower courts denial of discovery, even though the court found Bracy's argument that discovery would support his theory for relief was admittedly "speculative" and "only a theory at this point". ID. At 905,908.  The court noted "difficulties of proof aside, there is no question that, if (the evidence sought) could be proved...in petitioners own case (it) would violate the due process clause of the Fourteenth Amendment. ID. At 905 (emphasis added).  The court then simultaneously set out the straightforward framework for considering a petitioner's discovery requests.  A court should first determine whether the petitioner has alleged the element of the claim he wishes to prove, then determine whether he has made "specific allegations" that support the particular discovery request.  If the petitioner has met these requirements establishing "good cause", the court should authorize discovery. ID. At 908-09.  The Fifth Circuit restated this holding:

(W) here specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is...entitled to relief, it is the duty of the courts to provide the necessary facilities and procedure for an adequate inquiry.  See also Calderon VS. United States Dist. Ct. 144 F. 3d 618,622 (9th Cir. 1998).  (Rule 6 (a)'s "good cause" standard satisfied by showing that requested discovery would bolster constitutional claim and that claim is not "purely speculative or without any basis in the record");  United States Exrel, Maxwell VS. Gilmore, 37F. Supp. 2d 1078,1095 (N.D. Ill. 1999) (Discovery warranted where petitioner did "not rely on bare unfocused allegations).  Murphy VS. Johnson, 205 F. 3d 809,813-14 (5th Cir. 2000)

(internal citation and punctuation omitted) Prible meets the requirements of Habeas rule 6

(a) and is entitled to discovery as set forth below.

II

A. REQUEST IN SUPPORT OF PRIBLE STATE MISCONDUCT CLAIMS

Prible was accused, convicted and sentenced to death for the murder of Steve Herrera Jr.

and Nelda Tiraldo on October 23, 2002 in the 351st District Court of Harris County,

Texas (Cause Number 921126).  Information has since been made known that evidence

in post conviction demonstrates that the State suppressed material favorable evidence and

knowingly present material false testimony, namely that the prisoner had not received

benefits in exchange for testimony.  (True ties to prosecutor with other informants

involved aiding prosecution in making cases from prison).  Prosecutor leads jury to

believe Mike Beckcom is just a man who contacted her out of the clear blue with

information of a murder.  (This was a conspired act on prosecutor part to get Beckcom

around Prible in hopes Beckcom would aid her in making a case against Prible).  This is a

violation of Brady VS. Maryland, 373 U.S. 83,87 (1963), and Napue VS. Illinois, 360

U.S. 264 (1959).  In addition, the State violated my rights as established in Massiah VS.

United States, 377 U.S. 201 (1964), when it recruited a prisoner to act as the government

agent in deliberately elicited incriminating information from Prible.  See Creel VS.

Johnson, 163 F. 3d 385,393 (5th Cir. 1998). "In a nutshell, an attorney violates rule 304 if

the attorney: (3) unlawfully pays a witness for his testimony (Elbaour VS. Smith, 845 S.W. 2D 240, 247 N. 14 (Tex. 1992). (Discussing rule 304's prohibition against paying witness contingent upon content of testimony in context of Mary Carter agreements and asserting that rule mandates that an attorney has an ethical duty to refrain from making a settlement contingent, in anyway, on the testimony of a witness who was also a settling party)...Professional responsibility etc. IBID. 28 St. Mary's L.J. 443, 465 (1997). "Crime is contagious. If the Government becomes a lawbreaker, it breeds contempt for law, it invites every man to become a law unto himself, and it invites anarchy. To declare that in the administration of the Criminal Law the end justifies the means – to declare that the Government may commit crimes in order to secure the conviction of a private criminal – would bring terrible retribution. Against that pernicious doctrine this court should resolutely set its face". Olmsted VS. United States, 277 U.S. 438,485 CT. 564, 72L. ED 944 (1928) (J. Brandeis, dissenting). To give informants the hope of a letter to prosecutor asking for a time reduction upon the informant saying something to benefit prosecution is to flirt with disaster. To point them in the direction in which to obtain information the prosecution deems beneficial is criminal! (Prosecutor Kelly Siegler committed a criminal act by using her known group of informants to give false testimony against me for a letter to their prosecutor asking for a time reduction.) Everything Siegler did she did in a way unknowing to the court or myself. A true investigation in to her will show same pattern many time over. What is more priceless than your freedom? Siegler paid these informants for their false testimony. Nathan Foreman was reinstated for state violation, Rafael Dominguez received a time reduction (she used him on Hermilio Herrero), and Mike Beckcom received a time reduction. My jury had the right to know

the full extent of Mike Beckcom ties to prosecutor as well as his friends in same prison she used. Had this information been known it could be used to attack his credibility on the stand. (A blind person would see this for what it is!) While a great deal of this information came to light on my time on death row. Investigation and opportunity to examine the true facts as they are needs to be made available by court to understand the full picture. (Siegler falsified arrest warrant with intent to have me (knowing I would be) placed where her informants lay in wait (Beaumont Medium Security Prison). In arrest warrant, it says I was never forth coming with my 38 pistol and victims were killed with 38 pistol. No one asked me for the pistol, so how could I not be forth coming with it? Upon submitting for testing and showing my 38 not to be the murder weapon, it shows that they did not know what caliber the murder weapon was but they knew it was not my 38. (My point is if records showed I purchased a elephant gun from Carter's Country they (Homicide Detective Brown working with Siegler) would have said the murder weapon was an elephant gun to get an affidavit for my arrest.) Siegler knew my time was up in Federal Prison and I wanted to go home. She figured by charging me, I would make a case for her against someone. As I told her when she showed up at the Federal Prison where I was "I told the FBI officers in Federal Prison all I know about my friends dealings in regards to the stolen dope he was supposed to buy." Of coarse Siegler (who I had no idea was going to show up) acted as though I was lying about speaking to FBI agents about such. (I was visited by 3 FBI agents in Federal Prison). Siegler turns up at the prison right after the article came out in the Houston Chronicle talking about a crime 2 ½ years old with no leads and no clues as to who committed them. I am about to go home and I get a bench warrant. I am sent to medium where Siegler informants just so

happened to be. Out of 3000 inmates, I confess to one? I am supposed to have been bragging on the recreation yard about a crime where 3 children died of smoke inhalation? (Mike Beckcom says that I said "any one that can go in a house and take out a whole family is a bad mother fucker, I am that mother fucker.") Now common sense would tell you, anyone who was going around bragging about killing children whether in prison or on the moon, would only last seconds before someone hurt them. (Especially in prison!) What Siegler did was glue and paste a case together to bring back a conviction in a system she learned all to well to manipulate. Instead of admit her wrong when she realized I truly talked to FBI and gave all information I knew about this case to them (she charge me before verifying the information I told her about talking to FBI was true). She chose to be prideful and hide evidence favorable to defense and fabricate evidence to bring back a conviction. My trial attorney said "instead of admitting she was wrong, she will take you to trial, you will be found not guilty. She will say she did her job the system failed." He went on to say "she is a prideful person." (Well, here I am so something must have went wrong somewhere in his thinking process!) These request identify information to which Prible is entitled, having met his burden under Bracy, and which is incumbent on me to obtain to meet my evidentiary burden.

     1). Mr. Prible requests authority to issue subpoenas to all individuals named in motion as well as others that are relevant in showing such to be true.

     2). Prible requests authority to take depositions of witness necessary to conclusively prove his claims for relief.

3). Any and all material prepared, developed, received, examined, and/or maintained by Prosecution and jailhouse informants named in motion, or by any person operating under its direction or control, or on its behalf, that relates to Nathan Forman, Mike Beckcom, Rafael Dominguez and Carl Walker. From January 2000 to the present, such material includes, but is not limited to, letters, email, correspondence, memoranda (including internal memoranda), notes, reports and recordings (including both video tapes and audio tapes).

### CONCLUSION AND PRAYER FOR RELIEF

I pray that this Honorable Court:

1). Allow me to be heard on the matters contained in the present motion, and if necessary, to present testimony in support thereof.

2). Grant me limited discovery specified in motion.

3). Grant other such relief as Law and Justice require.

Respectfully submitted this 2 5 day of June 2007.


Ronald J. Prible JR.

: 00397

**ROLAND BRICE MOORE III, P.C.**
**ATTORNEY-AT-LAW**
**The Great Southwest Building**
**1314 Texas Ave. Suite 1705**
**Houston, Texas 77002**

Office: 713 229-8500                                                Fax: 713 229-8989
Board Certified in Criminal Law        Texas Board of Legal Specialization

June 22, 2007

Mr. Ronald Prible TDC# 999433
Polunsky Unit
3872 FM 650S
Livingston, Texas 77351

Dear Mr. Prible,

I have received your successor Writ.  None of it is useful.  I will not be adopting it.

Sincerely.

Roland B. Moore III

: 00398

RONALD J. PRIBLE JR.            )        IN THE 351ST DISTRICT
                                )
VS.                             )        COURT OF
                                )
STATE OF TEXAS                  )        HARRIS COUNTY
                                )
HARRIS COUNTY                   )        STATE OF TEXAS

### CAUSE NO. 921126-A

To The Honorable Court,

I received this response from Roland Moore III in regards to a successor writ I filed.

Please note I did not, and will not be asking his permission for it to be added to my writ.

The guy has done nothing but lie! He never came to see me!! He has made no attempt to

file a true writ! I do not consider him my attorney or an attorney in any capacity. I say

this not trying to be humorous, but in all seriousness I believe the man to be a con man

with a law license. I just think he is after a check. It is obvious he does not care about

putting forth a true effort as far as my writ is concerned. (There is no excuse for him to

not come and visit or call me in 4 years!) So please accept my successor writ and my

motion for discovery I filed pro-se. (There is so much more that needs to be in that writ.

It is sad I am given this man who just goes through the motions. He does not have my

best interest at heart!) I have shown my trial court through motions I filed

pro-se just how terrible my writ attorney is. His own letters showing untruth after

untruth, on top of excuse after excuse, on top of contradiction after contradiction. If he

was caught lying to me once that is bad, but over and over again is horrible! So please

accept my successor writ and motion for discovery. If there is any doubt in your mind,

: 00399

please have a hearing and allow me to question my writ attorney.  I assure you it will speak for itself just how bad of an attorney this man really is!

Sincerely,

Ronald J. Prible Jr.

RONALD J. PRIBLE JR.   )  IN THE 351ST DISTRICT

           )

VS.          )  COURT OF

           )

STATE OF TEXAS    )  HARRIS COUNTY

           )

HARRIS COUNTY    )  STATE OF TEXAS

## CAUSE NO. 921126-A

To The Honorable Court,

I received this response from Roland Moore III in regards to a successor writ I filed.

Please note I did not, and will not be asking his permission for it to be added to my writ.

The guy has done nothing but lie! He never came to see me!! He has made no attempt to

file a true writ! I do not consider him my attorney or an attorney in any capacity. I say

this not trying to be humorous, but in all seriousness I believe the man to be a con man

with a law license. I just think he is after a check. It is obvious he does not care about

putting forth a true effort as far as my writ is concerned. (There is no excuse for him to

not come and visit or call me in 4 years!) So please accept my successor writ and my

motion for discovery I filed pro-se. (There is so much more that needs to be in that writ.

It is sad I am given this man who just goes through the motions. He does not have my

best interest at heart!) I have shown my trial court through motions I filed

pro-se just how terrible my writ attorney is. His own letters showing untruth after

untruth, on top of excuse after excuse, on top of contradiction after contradiction. If he

was caught lying to me once that is bad, but over and over again is horrible! So please

accept my successor writ and motion for discovery. If there is any doubt in you mind,

please have a hearing and allow me to question my writ attorney. I assure you it will speak for itself just how bad of an attorney this man really is!

Sincerely,

Ronald J. Prible Jr.

: 00402

### ROLAND BRICE MOORE III, P.C.
### ATTORNEY-AT-LAW
**The Great Southwest Building**
**1314 Texas Ave. Suite 1705**
**Houston, Texas 77002**

**Office: 713 229-8500**                                        **Fax: 713 229-8989**
Board Certified in Criminal Law        Texas Board of Legal Specialization

June 22, 2007

Mr. Ronald Prible TDC# 999433
Polunsky Unit
3872 FM 650S
Livingston, Texas 77351

Dear Mr. Prible,

I have received your successor Writ.  None of it is useful.  I will not be adopting it.

Sincerely,

Roland B. Moore III

: 00403

RONALD J. PRIBLE JR.    )     COURT OF CRIMINAL

                                       )

VS.                         )     APPEALS

                                       )

HARRIS COUNTY        )     STATE OF TEXAS

CAUSE NO. 921126-A

To The Honorable Court,

I was made aware Judge Ellis in the 351st District Court of Harris County, Texas ruled

against my motion for DNA retest! Please view the motion I have presently refiled.  I

hope you grant this motion.  It is the right thing to do in all fairness of law.  DNA

evidence is viewed as the highest standard of evidence in this day and age of our justice

system.  To simply find terminology to use to justify dismissing this motion is not justice

(in fact it is outright unjust!)  Please grant my DNA motion for retest.  I am innocent of

this crime and this is a capital case.

Ronald J. Prible Jr.

No. 921126

| | | |
|---|---|---|
| THE STATE OF TEXAS | ) | COURT OF CRIMINAL |
| | ) | |
| VERSUS | ) | APPEALS STATE |
| | ) | |
| RONALD J. PRIBLE, JR. | ) | OF TEXAS |

## MOTION FOR POST-CONVICTION DNA TESTING PURSUANT TO CHAPTER 64, TEXAS CODE OF CRIMINAL PROCEDURE

Now comes the Defendant, Ronald Prible, pro se, and files this motion for post-conviction forensic DNA testing pursuant to chapter 64, Texas Code of Criminal Procedure.

I.

The defendant, Ronald J. Prible, JR., entered a plea of "not guilty" in case No. 921126, and was tried and convicted by the jury. The jury answered the question at punishment in such a way that a sentence of death was imposed. It is requested that the DNA samples taken from one of the victims, Nelda Tiraldo be retested to confirm that it was defendant's DNA that was discovered and as an ancillary matter to determine if the DNA of another party besides Mr. Prible and Mr. ~~Tiraldo~~ HERRERA is present. The Defendant has shown and will show the following:

1) The evidence requested to be tested was secured in relation to the offenses that are the basis of the convictions in these cause numbers, and was in the possession of

: 00405

the State during the initial prosecution during the initial prosecution of the
defendant.

2)  This evidence was previously subjected to DNA testing.

3)  Movant believes that any and all DNA tests, if administered properly, will
exclude him as the actual assailant since he is innocent.  With these DNA results
that will show an exclusion of the Defendant, there exists a reasonable probability
that the Defendant, in these causes, would not have been prosecuted, or a
conviction would not have occurred, had the exculpatory results been obtained
through DNA testing.

4)  This motion for DNA testing is not made to unreasonably delay the execution of
the Defendant's sentence or the administration of justice.

5)  Please view exhibit "A".  In this statement I am in no way saying that any DNA is
mine.  I admitted to having sexual contact with Nelda the night prior to her and
Steve's death.  Now as shown at trial their relationship was shown for how it truly
was.  (The topless dancer told she thought she was pregnant with Steve's baby at
the time of his death).  Nelda's sister-in-law told of mine and Nelda's
relationship.  The fact that Nelda performed oral sex on me does not in any way
make me responsible for their death.  Now prosecutor (Siegler) DNA guy Watson
says he detected my semen on an oral swab submitted for testing.  (A swab from

the mouth of Nelda) now everyone in the field of DNA knows semen stays detectable for 72 to 96 hours. So first of all he knowingly lied to the jury to tell them for semen to be detectable I had to be at the scene of the crime. (He has been shown to be wrong in another case upon DNA retest. *SEE* The affidavit William Shields on behalf of Henry W. Skinner who is currently on Texas Death Row). Since Watson being untruthful in regards to this I believe him to be untruthful as to that being my semen. His opinion of me being at crime scene for my DNA to be detectable is bad science. (This is shown not to be true). Watson saying it is my (DNA) semen is what gives him the opportunity to give his bad science. This does nothing but confuse jury by allowing his opinion (bad science) to be introduced. In all fairness of law that DNA needs to be tested by an outside lab to show if it is my DNA or another persons.

Respectfully submitted,

Ronald J. Prible Jr.
TDC# 999433
Polunsky Unit
3872 FM 650S
Livingston, Texas 77351

I am an inmate in the Texas Department of Corrections, with address shown above and I swear that the contents of the foregoing are truth and accurate.

Ronald J. Prible Jr.
Date: 08-03-07

# HARRIS COUNTY SHERIFF'S DEPARTMENT

## STATEMENT OF PERSON

EXHIBIT "A"

CASE NUMBER:

DATE: April 25, 1999

TIME: 12:09 AM

Statement of Ronald Jeffery Prible Jr. taken in Harris County, Texas.  Prior to making this statement I have been warned by Detective W.A. Taber of the Harris County Sheriff's Department, the person to whom this statement is made that:

1.)  I have the right to remain silent and not make any statement at all and that any statement I make may and probably will be used against me at my trial.;

2.)  Any statement I make may be used as evidence against me in court;

3.)  I have the right to have a lawyer present to advise me prior to and during any questioning;

4.)  If I am unable to employ a lawyer, I have the right to have a lawyer appointed to advise me prior to and during any questioning; and

5.)  I have the right to terminate the interview at any time.

Prior to and during the making of this statement.  I knowingly, intelligently and voluntarily waive the ___ts set out above and make the following voluntary statement.

My full name is Ronald Jeffery Prible Jr. and I am a White male, I am 27 years of age.  I was born on 04/18/1972 in Houston Tx..  My drivers license number is unknown.  My social security number is 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, I reside at 2423 Woodwild with my poarents, the telephone number there is 281 999-7360. I am

I made a statement to Deputy Hernandez about my knowledge of what happened at my friend Steve's house. I would like to say that I did not tell the entire story about last night. everything was true except I did not say anything about me messing around with Nelda, Steves wife. Detective Taber asked me a question concerning any relationship with me and Nelda and I originally denied that there was a relationship between us but later told the truth that we had been messing around on the side.

Nelda and I had sex over at Steves house early in the morning after we came back from the club. Steve was out in the garage drinking and playing pool and went inside to use the bathroom. Nelda was up when i went inside and we started talking and we both went in the bathroom and closed the door. I bent her over the sink in the bathroom and started having sex with her but we thought that we heard Steve coming in the house, but he did not come in. Nelda began sucking my dick and then jacking me off. I do not remember if I came or not.

After we finished Nelda went back to bed and I went back outside with Steve in the garage and told him to take me home. I would like to say that Nelda and I have messed around on three occasions and I have never told anyone about this before. On the other two occasions all we did was kiss, and never had sex. ___ night was the first time that we had ever had sex with each other. I really  want anyone to know about this because it would ruin Nelda's reputation.

002408

1

CAUSE 921126

| | | |
|---|---|---|
| THE STATE OF TEXAS | ) | COURT OF CRIMINAL |
| | ) | |
| VERSUS | ) | APPEALS STATE |
| | ) | |
| RONALD J. PRIBLE JR. | ) | OF TEXAS |

## ORDER ON DEFENDANT'S MOTION FOR DNA TESTING PURSUANT TO CHAPTER 64

The Defendant's Motion for Post-Conviction DNA testing filed on the

_____ day of _____, 2007 is hereby:

_____ GRANTED _____DENIED


Signed on this _____ day of _____ 2007.



_____
PRESIDING JUDGE
Court of Criminal Appeals

00409

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing Motion was mailed on the

_3RD_ day of _AUGUST_, 2007 to Harris County District Attorney, 1201

Franklin, in the above-captioned District Court, Houston, Texas on the date on which the

original this motion was filed with the Criminal Division of the County Clerk's Office.

Ronald L Prible Jr
PRO SE

00410

RONALD J. PRIBLE JR. ) IN THE 351ST DISTRICT

 )

VS. ) COURT OF

 )

STATE OF TEXAS ) HARRIS COUNTY

 )

HARRIS COUNTY ) STATE OF TEXAS

## CAUSE NO: 921126-A

## SUBSEQUENT APPLICATION FOR WRIT OF HABEAS CORPUS (PROS SE).

## INEFFECTIVE ASSISTANCE OF COUNSEL

### I.

A defendant is entitled to reasonably effective assistance of counsel, a right established

by the Sixth Amendment to the United States Constitution, applied to the states through

the Fourteenth Amendment, and recognized in the article I, section 10 of the Texas

Constitution and article 1.05 of the Texas Code of Criminal Procedure annotated (Vernon

1979) Ex Parte Duffy, 607 S.W. 2d 507,513 (Tex. Crim. App. 1980).  Texas follows the

Federal standard enunciated in Strickland V. Washington, 466 U.S. 668, 104 S. Ct.

2052,80 L. Ed. 2d 674 (1984), in deciding whether a defendant has received effective

assistance of Counsel.  Wilkerson V. State, 726 S.W. 2d 542,548 (Tex. Crim. App. 1986).

Under that standard, the defendant must establish two things:  (1) Counsels performance

was deficient; and (2) the deficient performance prejudiced the defense.  If either of the

elements is not established, the contention fails.  Rico V. State, 707 S.W. 2d 549,556

(Texas. Crim. App. 1983).


An attorney has a professional duty to present all available testimony and other evidence

to support the defense of his client.  Ex Parte Ybarra, 629 S.W. 2d 943,946 (Tex. Crim.

: 00411

App. [Panelop.] 1982).  Criminal Defense Counsel has a responsibility to seek out and

interview potential witnesses and the failure to do so is to be ineffective where the result

is that any viable defense available to the accused is not advanced.  ID.  The decision to

call a witness is generally a matter of trial strategy, but the failure to interview a witness

will be considered ineffective assistance of counsel when in action precludes the accused

from advancing a viable defense.  Ex Parte Duffy, 607 S.W. 2d at 517.  Jim Erwin

Thomas V. State of Texas 768 S.W. 2d 335,337.


II.


My trial attorney Terry Gaiser was ineffective for failure to make information of a

potential witness known to court or defendant.  (He failed to interview potential witness)

Hermilio Herrero who went to trial a month before I did.  He was in a county jail after

being convicted of murder and given a life sentence.  He realized from media source

(newspaper or television) the same Prosecutor  (Kelly Siegler) did the same thing to him

as she did to me.  She brought in the same group of jailhouse informants who hung out in

the federal prison and used one to say I confessed to him.  He instructed his wife, Nancy

Herrero to contact my trial attorney and make this information known to him (which she

did!)  He failed to make this known to the court or myself.  Now had he made this

known, I could have showed this for what it truly was, a Rogue Prosecutor (Kelly

Siegler) fabricating evidence to bring back a conviction.  I could show the jury it was no

coincidence Mike Beckcom in the courtroom saying I confessed to him for a time cut.

He cannot say it was trial strategy to not interview him and make this information known

me or the courts.  I guess it is unethical to call a Rogue Prosecutor in Harris County a Rogue Prosecutor.  For whatever reason, Terry Gaiser did not make the information known.  He wronged me in a most terrible way.  I found this out since I have been on Death Row.  (Just as puzzling is why my writ attorney knows this information and has never put it in my appeal.  He knew about this before he did my brief.  Then again, he never made an attempt to do a true writ.)  Terry Gaiser withheld this information from the court and myself.  This goes against the oath he took as an attorney.  Had my jury known the true facts (which could have been made known if he interviewed and called Hermilio Herrero), the outcome would surely be different.


### III.

### SUPPORTING FACTS

As the saying goes "the proof is in the pudding."  It is as simple as this call:  Nancy Herrero {Home number:  (713) 923-4818, Cell phone (832) 877-0244} Hermilio Herrero's Mom {Home (713) 921-9188, Cell phone (713) 213-9188}.  Just ask her if she contacted my trial attorney and made him aware at her husband's request.  Okay now call Terry Gaiser my trial attorney and ask him if this is true.  His phone number is (713) 225-0666.  Or just have a hearing and allow me to question those named in this writ as well as others involved and I assure you what was done in the dark is gonna shine light as day!


### IV.

There was a former FBI Agent who visited me in Federal Prison.  He was Subpoena to my trial and did not show up to testify.  He knew the guy my friend who was killed was

dealing with in regards to stolen kilos of cocaine (a known jacker). Those being the ones we were buying with bank robbery money and his own personal money. He could have made the true facts surrounding this murder known for how they truly were. A house full of money, a drug deal about to take place and a lot of people knew this. My attorney proceeded without having a hearing as to the importance of his testimony and this was ineffective assistance of counsel on his part. Had he had the FBI Agent testify, the jury would understand just how bad the guy my friend was dealing with really was.

## V.

### SUPPORT FACTS

When I asked my defense attorney Terry Gaiser during the trial where the agent was, he told me "he did not show up." (This was during my defense time to call witnesses). He said, "We don't need him. The prosecution showed a crime took place, but in no way did they show I committed that crime". Okay, this is common sense I was at my trial. However, he understands the prejudice involved by the allegation against me itself. He cannot stop short of doing everything within his power to put on the best defense he can to show my innocence. To take the mind frame as that we don't need him is to wrong me. His testimony was of utmost importance. He had 9 of my 12 jurors with family or friends in law enforcement (D.E.A., F.B.I, H.P.D., Sheriff's Dept.). Just for this guy's testimony, knowing they maybe more likely to believe a FBI Agent testimony. When he did not show up and his plan back fired and now I end up with a lynch mob jury. He should have stopped the trial and forced that man to appear even if in hand cuffs. This is a capital murder trial, not a jay walking trial. (Hindsight 20/20, if I knew then what I

know now, I would have stood on the table and demanded this man be brought to testify! As well as the truth about this informant's ties to the prosecutor be made known!) Just ask Terry Gaiser to speak on what is in this writ. I believe he will be truthful! I hope so, but if need be, have a hearing and lets call witnesses!

It is my prayer that you over turn this case on the ground my attorney was ineffective. Or any other grounds where it is obvious I was wronged. All enclosed is true and can be shown to be fact upon a hearing as to such. Or simply contact the individuals whose information has been provided.

Ronald J. Prible Jr.

This was filed with Court _08-13-07_

35-1

RONALD J. PRIBLE JR.        )      COURT OF

                           )

VS.                        )      CRIMINAL APPEAL

                           )

STATE OF TEXAS             )      STATE OF TEXAS

                           )

HARRIS COUNTY             )

CAUSE NO: 921126-A

## REQUEST FOR HEARING AS TO PROSECUTIONAL MISCONDUCT AND ANY OTHER MISCONDUCT WHICH IS FOUND TO HAVE TAKEN PLACE.

Please read the following article enclosed. Now are we to believe no one knew what was being done in Harris County in regard to these cases and Kelly Siegler? Fact, Kelly Siegler is a Rogue Prosecutor! I know Siegler does not do the things she does out of ignorance! (I believe she does these things for her personal notoriety). She is well aware of her wrongful (criminal) acts! I believe everyone in Harris County that has anything to do with legal matters, know of her wrongful ways. What I do not understand is how she can do what she does with no deterring factors overhead. It is obvious my trial attorney did not want to make her wrongful act known. (Or should I say, be the one to do it). My trial judge knows this to be the truth, yet I cannot get a hearing. Either he does not want to do anything politically incorrect in that place. (That being point out wrong in the D.A. Office). Or he is part of the corruption in that place. Either way, he is aware of the wrong that has taken place and has not taken any action! If I asked these jailhouse informants if any of you Judges might have confessed to the murder of John F. Kennedy

and if they would give a statement to so, I write a letter to their Prosecutor asking for a time cut. You can bet your kids college fund, they would say you told you did it, and what a bad ---- you were for doing it. (Now of course this would be the furtherest thing from the truth!) Now the sad (sick) part of this whole thing is a Lynch Mob Jury who is looking for a reason to convict, now has a reason to justify their means. (The allegation of capital murder in itself is hard to overcome. The equivalent of it would be to have someone say you molested a child.) I am asking this court to have a hearing and if any wrong is found to have taken place, take the proper actions to rectify wrong. As far as any case law to support this I cite the oldest rule of all: I have the right to a <u>fair</u> trial! I truly believe 100 years from now (if it takes that long) this will be viewed as the witch hunt of the 1700. So for the purpose of keeping the integrity of the Justice System in Texas, please have a hearing into these matters. Time is of great importance!


Thank you,

Ronald J. Prible Jr.



I certify that a true and correct copy of the foregoing motion was mailed on the __14__ day of __DECEMBER__ 2007 to Harris County District Attorney, 1201 Franklin, in the above captioned District Court, Houston, Texas on the date on which the original this motion was filed with the Criminal Division of the County Clerks Office.

: 00417