UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RONALD JEFFREY PRIBLE | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | No 4:09-cv-1896 |
| | § | |
| RICK THALER, Director, TDCJ | § | |
| | § | |
| Respondent | § | |

**FEDERAL NON-PARTY'S RESPONSE TO PETITIONER'S THIRD MOTION FOR LEAVE TO CONDUCT DISCOVERY**

The United States Attorney for the Southern District of Texas, on behalf of the Bureau of Prisons(BOP) and the United States Marshal's Service,(USMS) non-parties herein, submits this response prior to the entry of an order allowing for even more discovery in this, now, seven year old litigation.

**FACTS**

The undersigned does not gainsay the facts as related by the attorneys for the petitioner in their Third Motion for Leave to Conduct Discovery,(Third Motion) and appreciates their professionalism in identifying and complying with the mandatory provisions of 28 C.F.R. 16. 21 et.seq. commonly referred to as *Touhy* Regulations, *United States ex. rel Touhy v Ragan*, 340 U.S. 462 (1951). With all due respect to

1

them, however, it is submitted that, at some point, further discovery should be deemed enough.

The undersigned will dutifully forward the requests to the BOP and to USMS and hereby asks that they gather the evidence called for, if the Court grants the motion. However, it should be stressed that in the posture that these requests present themselves, the agencies are not required to do so. Because petitioner has not filed requests for information to the agencies pursuant to the Freedom of Information Act(FOIA), 5 U.S.C. 552, a third party subpoena directed to a component of the Department of Justice(DOJ), presents a policy choice to that agency, allowing them to decline to produce the information if decides that it is not the best use of agency resources to comply. See *COMSAT v National Science Foundation(NSF)*, 190 F. 3d 269, 278(4th Cir.1999). *Louisiana ex. rel Sparks v Gsell,* 978 F. 2d 226, 234(5th Cir. 1992).

## ARGUMENT AND AUTHORITIES

In the *Touhy* decision, supra, , the Supreme Court held that a subordinate federal officer could not be found in contempt of court for refusing to produce subpoenaed documents where his refusal was based upon a Department of Justice regulation prohibiting disclosure of nonpublic documents without authorization from the Attorney General. *Touhy,* 340 U.S. at 468.   The Court rejected the contention that

the regulation invaded the authority of the courts to determine the admissibility of evidence.  *Touhy* at 468-69.

Cases since *Touhy* have consistently affirmed the validity of similar regulations.  *See, e.g.*, *Boron Oil Co. v. Downie,* 873 F.2d 67, 69 (4th Cir. 1989), *("Touhy* is a part of an unbroken line of authority which directly supports [the] contention that a federal employee may not be compelled to obey a subpoena contrary to his federal employer's instructions under valid agency regulations."); *Swett* v. *Schenk,* 792 F. 2d 1447, 1452 (9th Cir.1986) *(Touhy* doctrine is jurisdictional, precluding a court from compelling a federal employee to testify regardless of the agency's reasons);  *Sparks v Gsell* supra, 978 F.2d at pp,234-36 (5th Cir.1992) ("As the Supreme Court has long held, such regulations unquestionably give Justice Department employees the authority, when so ordered by supervisors, to refuse to comply with a subpoena ordering disclosure of confidential files when the United States is not a party to a legal action (citing *Touhy)*.See also, *In Re Boeh*, 25 F. 3d 761(9th Cir. 1994),  *Exxon Shipping v U.S. Dept of the Interior,* 34 F. 3d 774,(9th Cir. 1994), ( an APA review action criticized in the *COMSAT* opinion, 190 F, 3d at p. 277,   but reaching a different result). *EPA v General Electric&Co*. 197 F. 3d 592 , 597 (2d Cir. 1999)( no jurisdiction to enforce subpoenas against federal agency without an APA review action because of sovereign immunity ).

In cases in which a Department of Justice employee is subpoenaed and in which the United States is not a party, the subpoenaed agency is directed to use the

3

criteria found at 28 CFR subsection 16.26, cited in plaintiffs' motion. The BOP and USMS's use of these criteria, and of agency priorities to assure that its resources are efficiently used through compliance with a subpoena, are subject to judicial review under standards set out in the provisions of the Administrative Procedure Act (APA), 5 U.S.C. Sections 702 et. Seq.   See *COMSAT*, supra, 190 F. 3d at pp., 274, 277(4th Cir. 1999). Petitioner's counsel have noted as much at page 13 of their Third Motion.

     The facts in *COMSAT* are that COMSAT filed a FOIA request with NSF for the purpose of gathering documents, but apparently suspended it because of the expense involved. 190 F. 3d at p. 272. Thus COMSAT attempted through the subpoena process to circumvent FOIA, and in the process, save itself some money. Id. NSF's refusal to provide the records pursuant to subpoena came before a Magistrate Judge who ordered NSF to produce the documents pursuant to Rule 45 of the Federal Rules of Civil Procedure(FRCP). Id at p. 273. NSF's appeal to the District Judge proved unavailing, as the Court affirmed the Magistrate's decision. Id. At p. 274.

     However, the Fourth Circuit Court of Appeals reversed the district court decision, holding that APA standards governed the review of the NSF's decision to decline to produce the documents. Id at pp. 274, 277-78.

     When an agency is not a party to an action, its choice of whether or not to comply with a third party subpoena is essentially a policy decision about the best use of the agency's resources.

Citing *Chevron, USA, Inc, v Natural Resources Defense Council, Inc.,* 467 U.S. 837,866, 104 S.Ct. 2778, 81 L.Ed. 2d 694 (1984).

Both *COMSAT*, supra, and *Spark v Gsell,* supra, explain that the basis for the right to decline to produce documents is the principle of sovereign immunity which can only be reviewed pursuant to the APA. 190 F. 3d at pp. 277-78, 978 F. 2d at pp. 234-36. The *COMSAT* decision expressly declines to follow the decision in *Exxon Shipping*, supra, 34 F. 3d 774, 778-79 (9th Cir. 1994), holding that it "abrogates the doctrine of sovereign immunity to a significant degree". 190 F. 3d at p. 277. *Exxon Shipping* had held that the district court had subject matter jurisdiction pursuant to FRCP Rule 45, to order the federal agency to appear and testify regardless of the *Touhy* regulation scheme which Congress has placed into effect for the purpose of addressing the instances in which the government agency is not a party to the underlying litigation. See *Boron Oil,* supra, 873 F. 2d at p. 71.

It is respectfully submitted that Petitioner's citation to *Watts v SEC*, 482 F. 3d 501, 516(D.C. Cir, 2007) is inapt, to the extent that it is cited for the purpose of arguing that Rule 45 of the FRCP waives sovereign immunity of government agencies in federal court actions in the Fifth Circuit. See also *Houston Business Journal v Comptroller of the Currency*,86 F. 3d 1208, 1211(D.C. Cir. 1996), *Tuite v Henry*, 98 F. 3d 1441, 1416(D.C. Cir. 1996), *Linder v Portocarrero*, 251 F. 3d 178, 181(D.C. Cir. 2001). These decisions all support petitioner's counsels assumption that Congress "clearly and unequivocally" waived" sovereign immunity in its enactment of Rule 45 as it affected federal agencies in cases in which the

government is not a party. See 28 C.F.R. 16.22.

*Sparks v Gsell,* supra, is the Fifth Circuit's last decision in this area, remains the applicable law in this Circuit. It is submitted that the *COMSAT* opinion stands closer to *Sparks v Gsell* than does the Ninth Circuit's expansive decision in *Exxon Shipping*, supra, or *Watts* or the other D.C. Circuit cases cited infra, which all assume that Congress "clearly and unequivocally"(see *Block v North Dakota,* 461 U.S. 273, 287, 103 S.Ct 1811, 75 L.Ed. 2d 840(1983), *AAFES v Sheehan*, 456 U.S. 728, 733-34, 102 S.Ct. 2118(1982) waived sovereign immunity in its enactment of Rule 45. See also *U.S. v White Mountain Apache Tribe,* 537 U.S. 465, 472, 123 S.Ct. 1126, 1132(2003), *Lane v Pena*, 518 U.S. 187, 192(1996). ("clear and unequivocal" waiver required).

## ARGUMENT

In a case in which the petitioner has deliberately eschewed the FOIA, the comprehensive remedy that Congress has enacted for the purpose of assuring governmental openness, Petitioner should have no standing to claim that he has been denied access to records and information made the subject of his Third Motion except through the initiation of an action under the APA to review the decisions of the agencies in deciding to produce, or not, the documents at issue. Unless the agencies' decision to produce documents in keeping with the subpoenas is determined to be unreasonable after an APA review, then their decision, pursuant to the authority of *COMSAT*, should be final. *Comsat,* supra, 190 F. 3d at p 277.

## CONCLUSION

Pursuant to the cited authority, the United States Attorney, on behalf of the BOP and USMS announces its intention to cooperate in all respects with the Petitioner's counsel if this Court enters an Order granting Petitioner's Third Motion for Leave to Conduct Discovery, and will urge the named agencies to begin cooperating with them in order to assure production of all material which they determine should be produced pursuant to the subpoena, in keeping with the agencies' determination of the best use of its available resources and mandated *Touhy* regulations, 28 CFR Sections 16.21 et seq.

    Respectfully submitted,

    KENNETH MAGIDSON
    UNITED STATES ATTORNEY

By:  /s/ *Samuel G. Longoria*
    Samuel G. Longoria
    Assistant U.S. Attorney
    Attorney in Charge
    Texas Bar Number:12545500
    SD: 596
    1000 Louisiana, Suite 2300
    Houston, Texas 77002
    Phone: (713) 567-9514
    Fax: (713) 718-3303

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing pleading was provided through this Court's e-filing system to the counsel for plaintiffs and the defendants on this the _11th___ day of February, 2016.

 

/s/ *Samuel G. Longoria*
Samuel G. Longoria
Assistant United States Attorney