IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RONALD JEFFREY PRIBLE, | § | |
|    *Petitioner*, | § | |
| | § | |
| v. | § | No. 4:09-CV-1896 |
| | § | |
| LORIE DAVIS, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
|    *Respondent*. | § | |

**RESPONDENT'S OPPOSITION TO PRIBLE'S RENEWED MOTION
TO COMPEL PRODUCTION OF WORK PRODUCT DOCUMENTS**

Prible seeks federal habeas corpus relief. *See* 28 U.S.C. § 2254. On July 8, 2016, this Court granted Prible's motions for discovery. Docket Entry (DE) 134. The Director previously objected to the discovery granted in this case on the basis that Prible has failed to demonstrate the "good cause" necessary for discovery in federal habeas corpus cases. *See* DE 113, 116, 135. Aside from the objections to discovery lodged in those pleadings the Director asserts the following with respect to Prible's Renewed Motion to Compel Production of Harris County District Attorney's "Work Product" File and "Work Product" Emails in Light of Prosecutor Kelly Siegler's Deposition Testimony."

I.  **This Court Has Already Conducted an *In Camera* Review of the Harris County District Attorney's (HCDA) Files and Ordered the Relevant Documents Produced.**

Pursuant to this Court's order, the HCDA's office previously submitted the work product files at issue for an *in camera* inspection. DE 150, 151. Initially, despite Prible's allegations to the contrary, the Court confirmed that the materials were indeed work product. DE 154 at 2. Recognizing the need to balance the well-established protection afforded work product materials with the constitutional mandate of *Brady*[1], the Court then ordered the disclosure of certain materials that it found might contain exculpatory information. DE 154 at 2-3.[2] Notably, however, this Court held that "the remainder of the material is protected by the work-product doctrine and not subject to disclosure … ." *Id*. Thus, this Court has already held Prible is not entitled to additional work product material in this case. For that reason alone, his motion should be denied.

II. **Prible Fails to Demonstrate That He is Entitled to the Disclosure of Additional Work Product Material.**

Prible is asking for the disclosure of items that this and other courts have repeatedly found are protected under the work-product doctrine. *See* DE 154 at 1-2 (citing Fed. R. Civ. P. 26(b)(3); *Dunn v. State Farm Fire & Cas. Co.,* 927

---

[1] *Brady v. Maryland*, 373 U.S. 83, 87 (1963).
[2] This Court clarified that "it does not at this time make a conclusive finding that prior non-disclosure of that material amounts to a constitutional violation."

F.2d 869, 875 (5th Cir. 1991); *Shields v. Sturm, Ruger & Co.*, 864 F.2d 379, 382 (5th Cir. 1989). He attempts to circumvent this privilege by claiming that the prosecutor "waived any 'work product' protection that might otherwise have attached to these documents when she allegedly made her entire file—including her notes—available to Prible's trial counsel. DE 164 at 8 (citing *Wright v. State*, 374 S.W.3d 564, 580 (Tex. App.—Houston [14th Dist.] 2012, pet. ref'd) (holding that "[a] party's decision to produce protected written work product, including notes of conversations made in the course of a criminal investigation and information learned during a criminal investigation, unquestionably waives protection of such materials.")). This is the only legal justification Prible cites in his efforts to obtain additional discovery.

Yet, Prible asserts in a footnote that "[his] renewal of this motion should not be construed as an admission by him that Ms. Siegler testified truthfully and did, in fact, disclose her entire file—including her notes—to his trial counsel." DE 164 at 8, n.1. This is not something on which Prible can equivocate. The work product privilege is waived *only if* the files were *in fact* previously produced or made available to the defense as Siegler testified. Thus, in order to grant Prible's motion this Court would have to find Siegler's testimony regarding the defense's access to her files credible. Such a finding would then prove Prible's multiple *Brady* allegations meritless. This is no doubt the outcome Prible is attempting to avoid with his quibbling footnote.

But Prible cannot avow and disavow the truth of Siegler's testimony on a whim to suit his purposes, and by equivocating he fails to demonstrate that he is entitled to the disclosure of the work product files in this case. His motion should be denied.

## CONCLUSION

For the foregoing reasons, the undersigned moves this Court to deny Prible's renewed motion to compel the production of work product documents.

Respectfully submitted,

JEFFREY C. MATEER
First Assistant Attorney General

ADRIENNE MCFARLAND
Deputy Attorney General
for Criminal Justice

EDWARD L. MARSHALL
Chief, Criminal Appeals Division

*s/ Tina J. Miranda*
TINA J. MIRANDA
Assistant Attorney General
Texas Bar No. 24026139
Southern District Bar No. 27728

Office of the Attorney General
Criminal Appeals Division
P. O. Box 12548, Capitol Station
Austin, Texas 78711-2548
tina.miranda@oag.texas.gov
Telephone: (512) 936-1600
Facsimile: (512) 320-8132

ATTORNEYS FOR RESPONDENT

## CERTIFICATE OF SERVICE

    I hereby certify that on November 27, 2017, I electronically filed the foregoing document with the clerk of the court for the United States District Court, Southern District of Texas, using the electronic filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the following attorney of record who has consented in writing to accept this Notice as service of this document by electronic means:

James G. Rytting
HILDER & ASSOCIATES, P.C.
james@hilderlaw.com
819 Lovett Boulevard
Houston, TX 77006
(713) 655-9111

Gretchen N. Scardino
REED & SCARDINO LLP
301 Congress Avenue, Suite 1250
Austin, Texas 78701
(512) 474-2449

                                            *s/ Tina J. Miranda*
                                            TINA J. MIRANDA